## LAZ LEVY *v.* BETTIE GRAY.

1. PRACTICE. *Instruction. Evidence tending to prove a fact.*
   Where there is any evidence in a case, tending to establish a particular material fact, it is error for the court to refuse to instruct the jury as to the effect of the establishment of such fact, notwithstanding the weight of the evidence may tend to disprove its existence.

2. MARRIED WOMAN. *Acquiescence in a mortgage of her property. Estoppel.*
   If an adult married woman permits her husband to mortgage her separate personal property in her presence, and remains silent as to her claim thereto, while the mortgagee takes the mortgage upon the faith of the uncontradicted statement of the husband that the property is his, she is afterwards estopped to assert her claim to the property as against the mortgagees.

3. SAME. *Acquiescence and estoppel. Case in judgment.*
   G., in the presence of his wife, executed a deed of trust on a mule, her separate property, to secure S. L. & Co. for supplies to be furnished. Before its execution, the deed was read to the wife, and she made no objection to it. At the same time, G. stated to S. L. & Co. that the mule was his, and she did not dissent. On the day of the execution of the deed, the wife bought goods on the faith thereof, and continued to do so during the year. S. L. & Co. had no knowledge of her claim to the mule until, after a breach of the conditions of the deed, the trustee having taken possession of it, she commenced an action for the recovery thereof. *Held,* that by her conduct she is estopped to claim the mule as against the trustee and beneficiaries in the deed in trust.

ERROR to the Circuit Court of Claiborne County.

Hon. J. B. CHRISMAN, Judge.

The nature of the action is stated in the opinion of the court. On the trial, the court below gave the following instruction for the plaintiff: —

" 4. If the jury believe from the evidence that Bettie Gray refused to sign the deed of trust when it was presented to her, and before its execution, then she will not be bound by it."

The court refused to give an instruction asked for the defendant, as follows: —

" If the jury believe from the evidence that the plaintiff's claim to the cotton is fraudulent, and that she stood by and saw her husband mortgage the mule to procure supplies, and did not disclose any claim to the mule, then they must find for the defendant for said cotton and said mule, no matter who really owned the mule, or who nominally rented the land, and no matter whether the plaintiff signed said deed or not."

The effect of the evidence is stated in the opinion of the court. The verdict and judgment were in favor of the plaintiff. The defendant sued out a writ of error, and assigned as grounds therefor the giving of the fourth instruction for the plaintiff, and the refusal of that asked for the defendant.

*J. D. Vertner*, for the plaintiff in error.

1. The defendant in error is estopped by her conduct to claim the property in controversy. *Ferguson* v. *Bobo*, 54 Miss. 121 ; *Upham* v. *Gibson*, 53 Miss. 34.

2. The evidence entitled the plaintiff in error to the instruction asked for him in the court below.

*L. McLaurin*, for the defendant in error.

1. The doctrine of estoppel cannot be applied against the defendant in error, as she neither joined in the deed of trust nor acknowledged it, as required by statute. Code 1871, sect. 1778.

2. There was no evidence to warrant the giving of the instruction asked for by the plaintiff in error.

*S. Unger*, on the same side.

CHALMERS, J., delivered the opinion of the court.

Mrs. Bettie Gray brought this action of replevin to recover the possession from Levy, trustee of Stern, Levy & Co., of two bales of cotton and a mule, which had by said trustee been taken under the provisions of a trust deed executed by the husband of said Bettie.

The court below refused to charge the jury, at the instance of defendant, that plaintiff could not recover the cotton if they believed her claim to be fraudulent. This refusal, it is said, was justifiable, because there was no testimony tending to show a fraudulent claim on her part, and none, therefore, to which the charge was applicable.

We cannot adopt this view. While perhaps most of the testimony adduced was in support of the *bonâ fides* of the claim, there was some (we refer especially to that delivered by the witness Abner Gray) which tended to show that it was fraudulent. This portion of defendant's charge, therefore, should have been given.

The mule was clearly shown to be the property of plaintiff, Bettie Gray, but it had been mortgaged by her husband; and there was testimony to the effect that the wife was present when the mortgage was executed on the mule and the crops; that the same was read to her, and she was asked to sign it, and that she declined to sign, because, as she said, "she was sickly, and did not expect to work in the crop,"— thereby acquiescing in it, so far as the mule was concerned, and giving no notice of any claim on her part as to it; that she on that day took up goods on the faith of the mortgage, and continued so to do during the year; that ever since she had owned the mule her husband had been in the habit of mortgaging it in his own name, with her knowledge, for supplies; that she had given no notice to any one of her title to the animal, until the bringing of this suit; that the mortgagees had no knowledge of such title, and, in taking the security, acted upon the statement of the husband, in her presence, that he owned the animal.

If these facts are true, the wife is estopped to claim the mule as against the mortgagees.

There are no restrictions, by our statute, upon the power of a married woman to dispose of her separate personal property; and she will be held, when of full age, estopped to reclaim it when by her silence, at a time when she was called upon to speak, she has induced others to act upon the belief, thereby engendered, that it does not belong to her. This principle was distinctly announced in *Upham* v. *Gibson*, 53 Miss. 341, in which case we failed to apply it because of the minority of Mrs. Upham. If minority existed in this case, it should have been shown. Bettie Gray sues in her own name, and neither her husband nor a *prochein ami* is joined. The presumption is that she is of full age. Infants, even, are frequently estopped in equity, at least from the perpetration of frauds. *Ferguson* v. *Bobo*, 54 Miss. 121.

The instruction asked by defendant should have been given, and the fourth instruction given for plaintiff should have been refused.

Judgment reversed and cause remanded.