## SAMUEL HAWTHORNE v. THE STATE.

CRIMINAL LAW. *Murder. Evidence. Overt act. Previous threats.*
> Where, in a prosecution for murder, there is a conflict of evidence as to an overt act on the part of the deceased, it is error for the court to exclude evidence offered by the accused tending to show previous threats of personal violence against accused made by deceased and communicated to accused before the killing.

APPEAL from the Circuit Court of Warren County.
HON. WARREN COWAN, Judge.
The facts are stated in the opinion.

*S. M. Shelton,* for the appellant.

The only question I will notice in this case is that of the exclusion of the testimony offered in the lower court respecting threats of personal violence made by the deceased against the prisoner before the killing, and especially the threat made in Ryan's store a short time before the encounter and immediately communicated to' the prisoner. I recognize the rule that such evidence is admissible only where there is testimony of an overt act. But the court, in undertaking to exclude such evidence, virtually decides there is no testimony tending to show an overt act at the time of the killing. I submit that the case is likened, properly, to a demurrer to evidence in a criminal case. The prisoner says: " I am entitled to this testimony because there was an overt act at the time of the killing." The State objects. Now, in trying this objection (the overt act being a material fact in the case), the court must be satisfied beyond a doubt that there is no testimony in the case which tends, however remotely, to establish the fact of an overt act. Every legitimate inference to be drawn from the testimony in the case on this point must be considered, and until the court can say that there is no testimony (however unsatisfactory such testimony may be to the mind of the court) which tends to prove this fact, we submit that the court cannot exclude this evidence of previous threats.

*M. Marshall,* on the same side, contended that it was error to exclude all evidence of previous threats.

Previous threats being admissible to throw light on and characterize any demonstration or conduct or action of the deceased from which any one situated as the prisoner was at the time might reasonably believe that the danger was imminent, such evidence becomes admissible as soon as and wherever there is legal evidence tending to establish any act or conduct of deceased at the time which might reasonably, in the opinion of the jury, been regarded by the prisoner, looking at it in the light of such threats, as an overt act, that is to say, indicating a then present purpose to immediately execute the hostile design. This results from the proposition that an act which taken alone might be harmless, yet when character-

ized by the previous design (as evidenced by the threats) such act may appear deadly. *Holly's Case,* 55 Miss. 424; *Kendricks' Case,* Ib. 449; *Johnson's Case,* 54 Miss. 430; Wharton on Hom. (2d ed.), §§ 694, 695. There was in this case evidence of acts and conduct of deceased at the time which might have been in the minds of the jury of a more deadly character when the previous threats, display of the pistol but a few minutes before at Ryan's store, etc., had been shown.

*H. F. Simrall,* on the same side.

In that class of cases where there was a quarrel and conflict and the evidence is conflicting as to who was the aggressor or who brought on the difficulty, where, too, there was testimony tending to prove an "overt act," or the evidence on the point is conflicting, though the preponderance might be greatly against the defendant, the testimony is pertinent to explain the transaction itself and defendant's acts and motives—I mean conflicting evidence as to whether there was an overt act or not, and the nature of it. *Holly's Case,* 55 Miss. 430–1; *Johnson's Case,* 54 Miss. 485; *Spivy's Case,* 58 Ib. 863; *Wiggins' Case,* 93 U. S. 465.

*W. L. Magruder, H. F. Simrall,* and *M. Marshall,* on the same side, each argued the case orally.

*T. C. Catchings,* Attorney General, for the State, argued the case orally.

COOPER, J., delivered the opinion of the court.

There is great conflict between the evidence on the part of the State and that for the defendant in relation to the circumstances surrounding the homicide. According to the testimony of some of the witnesses for the State, the deceased, without provocation on his part, was set upon by the appellant and wantonly and barbarously murdered while attempting to save his life by flight; by other witnesses for the State it is said that the deceased was exceedingly insulting to the appellant; but all the State's witnesses concur in the declaration that he committed no overt act from which the accused might infer an intention to attack or injure him. On the other hand, the witnesses for the defendant (including the defendant him-

self) testify not only to the grossest vituperation and insult by the deceased, but to threats of great personal injury to be presently executed and to acts indicating preparation for and an intention to immediately commence a dangerous and murderous assault upon the appellant. In this condition of the evidence the accused offered testimony to establish numerous antecedent threats made by the deceased against him, some of them immediately preceding the homicide, some of them in the presence of and to the accused, and others of which had been communicated to him. By one witness (Swartz) the accused proposed to prove that the deceased showed a pistol in Ryan's store half an hour before he was shot, and stated in the presence of witness and Ryan " that he was going down to Hawthorne's store to pick a fuss with the damned little red-headed son of a bitch and kill him ; that Hawthorne had refused to let him have things on credit at his store, and that he had had this thing in for him for a long time; he had come down there that day to kill him, and he was going to do it." That at Ryan's suggestion witness went immediately to Hawthorne's store and told him what McGehee (the deceased) had said and done, and warned him to be on his guard.

By his own testimony the accused proposed to prove that " for several months before the shooting McGehee had been in the habit of coming into the store night and day, creating rows with the customers of the store, demanding goods of the prisoner which he never paid for, for which, when refused, he would curse, abuse, and vilify the accused in every possible manner, making threats of personal violence against the accused, exhibiting weapons, and declaring that he intended to waylay the roads and kill him ; that he would catch him outside of his store some day and kill him ; that a short time before the shooting—on the very day—Swartz had come to him and told him of threats of personal violence which McGehee had that day made against him in Ryan's store, and warned him to be on his guard against him."

On objections by the State, the court refused to permit this evidence to go to the jury.

Tested by repeated decisions of this court, it was error to exclude

the testimony offered.   *Johnson* v. *The State,* 54 Miss. 430 ; *Holly*
v. *The State,* 55 Miss. 424 ; *Kendrick* v. *The State,* 55 Miss. 436 ;
*Spivy* v. *The State,* 58 Miss. 854 ; *Guice* v. *The State,* 60 Miss.
714.

Whether the facts were as testified by the witnesses for the State
or as stated by those for the defendant was a question for decision
by the jury and not by the court.   It is only when the court can
say that there is no overt act established and no evidence from
which the jury might rightfully find the existence of such act that
testimony should be excluded which is admittedly competent if the
overt act is established.   Where testimony is offered by a party the
competency of which depends upon the existence of another fact,
and that other fact is not supported by testimony from which the
jury might fairly infer its existence, then from necessity the judge
determines upon its non-existence ;_but where the evidence is of
such character that if the case should be withdrawn from the jury
by a demurrer to the evidence the judgment would be that the
demurrer should be overruled, then for the purpose of determining
as to the admissibility of the offered evidence the controverted fact
must be taken as established.   *Levy* v. *Gray,* 56 Miss. 318.

It is beyond all doubt that if the testimony of the witnesses for
the accused be taken as true, not only one, but several overt acts
were established, and being established, the evidence of previous
threats was competent.

On the argument of the case it was suggested that probably the
learned judge below excluded the threats upon the ground that
if the jury believed the witnesses for the defendant the acts and
threats of the deceased at the time of the killing were unequivocal,
requiring no evidence as to previous threats to illustrate or inter-
pret their meaning; while if, on the contrary, the jury dis-
believed these witnesses, no overt act was established to warrant
the introduction of the evidence of such previous threats.   But
the very question for the jury to determine was which of the
conflicting narrations of the occurrences was the true one, that
related by the witnesses for the State or that related by those for
the accused.   Without intending to express any opinion whatever
48

on the facts, it is apparent that the proffered evidence would have materially strengthened the testimony of the witnesses for the defense by showing a greater probability of its truth. If the facts proposed to be proved by the witnesses Swartz and Ryan and by the defendant himself had been established to the satisfaction of the jury, *viz.*, that the deceased had armed himself with a deadly weapon, and had expressed his intention to seek a difficulty with the accused and to kill him in such difficulty, it is manifest that in a conflict of testimony as to what he actually did in the difficulty these precedent declarations and acts would have been potent to incline the scale in favor of that statement which conformed to his previous declaration of purpose. *Johnson* v. *The State*, 54 Miss. 430 ; *Wiggins v. The People*, 93 U. S. 465; *Keener's Case*, 18 Ga. 194; *Arnold's Case*, 15 Cal. 476. It is unnecessary to examine the other points presented.

*The judgment is reversed and a new trial awarded.*