Trotter v. Neal.

---

### TROTTER v. NEAL.

1. SPECIAL JUDGES:  *Cannot be selected by agreement of parties.*
   An order confirming a commissioner's sale of land, made by a person acting as special judge, under an agreement of parties, is void and vests no title, since no judicial power was imparted by such agreement.
2. STATUTE OF LIMITATIONS:  *Adverse possession of land under parol gift.*
   A son took possession of a tract of land under a parol gift from his father, and improved and occupied it during the lifetime of the father and afterwards, with the knowledge of the latter's children. *Held:* That such possession was adverse as against the father, and if it was continued for the requisite statutory period it perfected the title of the son as against the father and his children claiming under him, although it was not notorious nor under any instrument showing color of title.

Trotter v. Neal.

APPEAL from *Scott* Circuit Court.
R. B. RUTHERFORD, Judge.

*Geo. W. Williams,* for appellants.

1. Wiley Tomlinson was a tenant in common, and his holding during his father's life was as tenant of the father, and, subsequently, for the benefit of himself and co-heirs, and the statute of limitations would not operate in his favor. 20 *Ark.,* 547; 42 *Id.,* 289; 48 *Id.,* 135.

2. There was no confirmation of the sale to Robertson, as there could be no special judge by consent. 39 *Ark.,* 254; 42 *Id.,* 126; 45 *Id.,* 480.

3. There being no confirmation, the sale was void and no title passed to the purchaser. 23 *Ark.,* 39; 32 *Id.,* 391; 34 *Id.,* 346; 38 *Id.,* 78; 47 *Id.,* 413.

*Duval & Cravens,* for appellees.

1. Wiley Tomlinson took possession of the lands during his father's lifetime, *claiming them as his own.* This put the statute of limitation in motion during his father's life, and it was not suspended by his father's death.

Where one enters under a parol gift of land, and holds actual possession for seven years, with claim of ownership, the donor cannot recover the land, although the donee may have entered, expecting a deed or devise in future. 4 *S. W. Rep.,* 453; *Wood on Lim.,* 539.

2. The decree in the case of *Clark v. Payne,* as administrator of Wiley Tomlinson, all the plaintiffs being parties, estops them from denying the title derived under it. *Boyd v. Roane,* 49 *Ark.,* 397, settles the question as to the minor being bound by the decree, as well as the adults.

Conceding that the order of confirmation made by the special judge was void, because he was not *elected* in the mode prescribed by law, yet no exceptions have been filed to the report, nor steps taken to vacate, set aside, or appeal from the decree, and the sale would be confirmed on motion as of course. The decree stands unreversed and in full force, the effect of which divests appellants of all title. Robertson took possession under the commissioner's sale, and continued claiming the lands as his own until his death. The bar was complete. No cumulative disabilities are allowed to prevent the bar. *Mansf. Dig.*, *sec.* 4471.

BATTLE, J. This action was brought by appellants against appellees to recover one undivided half of certain lands in Scott county. Both parties claim under Joseph J. Tomlinson, deceased. Appellants claim under his will; and appellees that he, in his lifetime, gave it to his son, Wiley A. Tomlinson, and that Wiley died, and that it was sold to pay the debts against his estate and purchased by Calvin H. Robertson, who, thereafter, died intestate, leaving appellees his only heirs.

Much evidence was introduced in the trial to show that the land in controversy was given by Joseph J. to his son, Wiley; and that Wiley took possession of it, and thereafter held, improved and occupied it adversely. Evidence was also introduced tending to prove that an action was instituted in the Scott circuit court by Sarah Clark against Samuel H. Payne, as administrator of Wiley A. Tomlinson, deceased, and appellants, as Wiley's heirs; that Sarah Clark alleged in her complaint in that action that she was a creditor of Wiley; that he died seized in fee simple of the land in controversy; that Payne had fraudulently procured an order of the probate court to sell the land, and had sold it to Vandever, who, without paying for it, conveyed it to Payne;

and asked that the sale to Vandever and the conveyance to Payne be set aside, and that the lands be sold under an order of the circuit court for the purpose of paying Wiley's debts. It was proven that the records containing the orders of the court in that action had been burned. A certified copy of what purported to be an order, made in the action instituted by Clark, by Ben. R. Davidson, acting special judge by consent of the parties, was read as evidence over the objection of appellants. It is stated in the copy that a report of a commissioner, appointed to sell the land in controversy, came on for confirmation, from which it appeared that the land had been sold, in conformity to a decree made at a prior term, to Calvin H. Robertson, and that the sale was approved and confirmed, and it was ordered and adjudged that all the right, title, claim and interest which Wiley A. Tomlinson had in and to the land be divested out of his heirs and vested in Robertson, his heirs and assigns forever.

Although the statute of limitations was pleaded by defendants, the question raised thereby was not submitted to the jury, but the court instructed the jury substantially as follows: " That the proceedings of a court of record and of general jurisdiction are presumed to be regular, and that all the repuirements of the law were complied with by such court in any proceeding had before it." And that " if the jury believe from the evidence that the land in controversy has been sold by a commissioner of this court as the property of Wiley A. Tomlinson, deceased, to pay the debts of said estate, under and in pursuance of a former order and decree of this court made and rendered in a proceeding then and there pending, and that the plaintiffs in this action, or those from or through whom they claim, were parties to said suit, and had legal notice of the pendency of said suit, or appeared and answered thereto; and that said Calvin H. Robertson became the purchaser of said land at said sale;

and said sale and purchase was, by the order of said court, affirmed, and said Robertson thereby invested with title to said land, and these defendants are the widow and heirs of said Robertson, and still claim under and through him, then they, the plaintiffs in this suit, are estopped from setting up claims to said land in this suit described, and they must find for the defendants."

A verdict was returned and a judgment was rendered against the plaintiffs in favor of defendants; and plaintiffs, after moving for a new trial, which was denied, and saving exceptions, appealed.

1. SPECIAL JUDGES: Cannot be selected by agreement of parties.    The agreement of the parties that Davidson should act as special judge imparted to him no judicial power; and the order confirming the sale made by the commissioner and vesting the right, title, estate and interest of the heirs of Wiley A. Tomlinson, in the land in controversy, in the purchaser is void. *Dansby v. Beard*, 39 *Ark.*, 254; *Gaither v. Wasson*, 42 *Ark.*, 126; *Hyllis v. State*, 45 *Ark.*, 480.

The order made by Davidson, acting as special judge under an agreement of parties, being void, there was no confirmation of sale made under decree of the court, and Robertson, the purchaser, acquired no title to the land. *Wells v. Rice*, 34 *Ark.*, 346; *Sessions v. Peay*, 23 *Ark.*, 41; *Green v. Bell*, 38 *Ark.*, 78.

The order relied on to show confirmation only undertook to confirm sale of the estate and interest which Wiley Tomlinson had at the time of his death, and to vest that estate and interest in the purchaser. If the order had been valid it would not have been sufficient to show that appellees were entitled to the land, and could only have shown they were entitled to such interest as Wiley had at the time of his death. It still remained to be ascertained what interest that was. The instructions given were, therefore, erroneous.

Trotter v. Neal.

Inasmuch as this cause will be remanded and the question raised by the plea of the statute of limitations may arise in another trial, we will consider it now.

There was evidence introduced in the court below tending to prove that Joseph J. Tomlinson, being the owner of the land in controversy, gave it to his son, Wiley, but never conveyed it to him by deed, or other instrument of writing; and that Wiley took possession of it, and improved and occupied it during the lifetime of his father and afterwards, until he died, and that these facts were known to the children and other members of the father's family. If this be true, the possession was adverse as against the father, and if continued for the requisite statutory period would have perfected the title of the son as against the father and his children claiming under him. The father and the children, in that event, would have known that such possession was adverse and the extent of the claim. In such cases there is no occasion for the possession being notorious, or that it should be held under some document showing color of title. For notoriety is only necessary to give the true owner notice of the adverse possession; and color of title is important to show the character of the possession and the boundaries of the occupant's claim. Of course, where the occupant claims and holds under parol gift of the true owner, the manner and the right under which he claims being known to the donor, and after his death to those claiming under him, notoriety and color of title are unimportant, and can serve no useful purpose, for no other persons have any legal interest in the question, or right to be informed of the existence and nature of such possession. *Sumner v. Stevens, 6 Metc.*, 337; *Clark v. Gilbert, 39 Conn.*, 94; *Outcolt v. Ludlow, 32 N. J. L.*, 231; *Steele v. Johnson, 4 Allen*, 425; *Commonwealth v. Gibson, 4 S. W. Rep.*, 453; *Wood on Limitations, p.* 539;

2. STATUTE OF LIMITATIONS: Adverse possession of land under parol gift.

and *Sedgwick & Wait on Trial of Title to Land, sec.* 798. Reversed and remanded for a new trial.