BEN RICHARDSON, TRUSTEE, *v.* KIMMIE TOLIVER.

1. PRACTICE. *Peremptory instructions; when error. Conflicting evidence.*

Where there is a material conflict of evidence, a peremptory instruction should not be given.

2. ESTOPPEL. *Conveyance of wife's personalty. Acquiescence.*

Where a married woman knows her husband has given a trust-deed on her personal property to secure a debt, and buys goods on his account thus secured, afterwards admitting that, at the time, she knew of the execution of a trust-deed by him in renewal to secure the same debt, but, because of a desire to aid him, made no complaint, she is estopped to deny the validity of the lien on the property. *Levy* v. *Gray*, 56 Miss., 318.

FROM the circuit court of Wilkinson county.

HON. W. P. CASSEDY, Judge.

Replevin by appellant, trustee in a deed of trust, against appellee for a horse. The horse belonged to appellee, the wife of Willis Toliver, who, on January 22, 1891, gave a trust-deed thereon to secure a debt to Rothschild & Bro., merchants. On July 6, 1891, he gave them another trust-deed, and on March 12, 1892, a third. Appellant, as trustee in the last deed, brought this action for the recovery of the horse. Defendant testified that she knew nothing of her husband's giving a trust-deed on the horse, and denied having made any admissions as to such knowledge. The opinion contains a further statement of the facts. The court gave a peremptory instruction for defendant. Judgment accordingly. Plaintiff appeals.

*D. C. Bramlett*, for appellant.

Appellee is estopped. Silence, when one should speak, is equivalent to concealment. 7 Am. & Eng. Enc. L., p. 12. It was appellee's duty to speak when the deeds were executed,

and when she purchased goods of the beneficiaries on her husband's account secured by the trust-deed. It was error to give the peremptory instruction. The issue of fact should have been submitted to the jury on proper instructions.

*J. H. Jones*, for appellee.

Conceding, for argument's sake, appellee's authority to her husband to give the first trust-deed, this did not authorize him to continue pledging the property.

The beneficiaries evidently knew of appellee's ownership at the outset, else why ask her about the title to the horse?

A former agreed judgment is no estoppel in a subsequent suit between the same parties. Bigelow on Estoppel, p. 19; 11 Jur. N. S., 107.

There must be mutual consent to any renewal. Bigelow, p. 12; 8 Barr, 419.

To work an estoppel, there must be a misrepresentation or a misleading contract. Bigelow, p. 437.

When there is no opportunity to speak, silence is not an estoppel. 7 Am. & Eng. Enc. L., p. 13, and notes.

The law does not favor divesting the wife's property by the action of the husband. *Dozier* v. *Freeman*, 47 Miss., 647.

Under these authorities, appellee was not estopped, and the judgment is right.

WOODS, J., delivered the opinion of the court.

There is a direct conflict in the evidence in a material matter, and the peremptory instruction given for defendant below was error. Morris Rothschild testified that, after the execution of the first trust-deed by appellee's husband, on one occasion, when appellee was making some purchases in the store of Rothschild & Bro.—the beneficiaries in the trust-deed—on the account secured by that deed, the witness informed her of the fact that the horse in controversy was included in the trust-deed, and she made no claim to the animal. From the evidence of D. C. Miller it appears that appellee stated to this witness that she knew her husband

had given a deed of trust—the last one—on her horse, but she said nothing about it, as she wished to help him out. T. J. Williams testified that, on a different day, appellee made substantially the same statement to him. It is shown by the evidence of Rothschild, and admitted in the agreed statement of facts signed by the counsel of both parties, that the balances from the accounts secured by the first and second trust-deeds are the consideration, in whole or in part, for the note secured by the last trust-deed.

On this evidence, offered by plaintiff below, the appellee is estopped to deny the right of the beneficiaries to have satisfaction of their debt out of the horse, if necessary. See *Levy* v. *Gray*, 56 Miss., 318.

The issues of fact thus raised by the evidence of appellants, and that of appellee directly to the contrary, should have been submitted to the jury for its determination.

*Reversed and remanded.*