[L. A. No. 1269. In Bank.—January 16, 1903.]

## NANCY MATHEW, Respondent, v. GEORGE W. MATHEW, Appellant.

CHATTEL MORTGAGE—RIGHT OF POSSESSION—CONVERSION BY EXECUTOR —SALE UNDER ORDER OF COURT—ACTION BY MORTGAGEE.—Where a chattel mortgage confers the right of possession of the personal property mortgaged after default in payment of the mortgage debt, the mortgagee, after such default, may maintain an action for conversion of the property against the executor of the deceased mortgagor, who has sold the property, after demand for possession by the mortgagee, though sold for the alleged benefit of the estate under order of the court.

ID.—EFFECT OF DEATH OF MORTGAGOR—RESPONSIBILITY OF EXECUTOR— REFUSAL TO YIELD POSSESSION.—The death of the mortgagor did not affect the rights of the mortgagee under the contract, and the executor possessed no new rights to the property, and cannot avoid his responsibility for a tortious conversion thereof by claiming that it was committed for the benefit of the estate under the order of the court. The refusal of the executor to yield the possession on demand to the mortgagee was a conversion of the mortgagee's interest in the property.

ID.—PRESENTATION OF CLAIM—RIGHTS OF MORTGAGEE NOT WAIVED.— The mortgagee did not waive any right or interest in the mortgaged property by presenting to the executor a claim for the amount due on the chattel mortgage.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. E. P. Unangst, Judge.

The facts are stated in the opinion.

Robert L. Hargrave, for Appellant.

The order of the court relieved the executor from responsibility. (7 Am. & Eng. Ency. of Law, p. 359; *Halleck* v. *Gay*, 9 Cal. 195-196; *Richardson* v. *Knight*, 69 Me. 285; *Smith* v. *Wilmington Coal Co.*, 83 Ill. 498.) The presentation of the claim against the estate and its allowance precluded any suit for damages against the executor. (*Holt Mfg. Co.* v. *Ewings*, 109 Cal. 353.) The allowance of the claim was a judgment for the amount against the estate. (Civ. Code, sec. 1497; *Walkerly* v. *Bacon*, 85 Cal. 137; *Holt Mfg. Co.* v. *Ewings*, 109 Cal. 353; *Fratt* v. *Hunt*, 108 Cal. 288.) The legal title was in the mortgagor. (*Alferitz* v. *Borgwardt*, 126 Cal. 201; *Bank of Ukiah* v. *Moore*, 106 Cal. 673.)

G. & A. Webster, for Respondent.

Defendant's refusal to deliver the property upon demand to the mortgagee, who had the right of possession by the terms of the contract, was a conversion. (*Steele* v. *Marsicano*, 102 Cal. 666, 670; *Arzaga* v. *Villalba*, 85 Cal. 194.) The sale in small parcels at public auction to numerous persons destroyed the security and rendered the executor liable for actual conversion of it. (Civ. Code, sec. 2929; *Lowe* v. *Wing*, 56 Wis. 31; *Chamberlain* v. *Clemence*, 8 Gray, 389; *Whitney* v. *Lowell*, 33 Me. 318; *Ashmead* v. *Lowell*, 23 Conn. 70; 5 Am. & Eng. Ency. of Law, 2d ed., p. 996.) The executor was personally responsible for his tortious act. (*Eustace* v. *Johns*, 38 Cal. 3; *Melone* v. *Davis*, 67 Cal. 279; *Sterrett* v. *Barker*, 119 Cal. 492; *Van Slooten* v. *Dodge*, 145 N. Y. 327; *Atkinson* v. *Breeding*, 56 Iowa, 26.[1]) The making of the sale under the order of the court cannot justify the executor's tort. (*Crescent City Ice Co.* v. *Stafford*, 3 Woods, 94; 11 Am. & Eng. Ency. of Law, 2d ed., note, p. 943.) No rights were lost or waived under the chattel mortgage by presenting the claim on the

---

[1] 52 Am. St. Rep. 118 (note).

chattel mortgage. (Code Civ. Proc., sec. 1500; *Hibernia S. and L. Soc.* v. *Hayes,* 56 Cal. 297, 302.)

GRAY, C.—This action is brought to recover damages for the conversion of certain farm implements and other personal property. The findings of the court and judgment were in plaintiff's favor, and the defendant appeals from said judgment.

The findings show that the defendant came into possession of the property in question as the executor of the last will of John H. Mathew, deceased; that said deceased had in his lifetime given plaintiff a chattel mortgage upon said property to secure a note given by him to her for the sum of five hundred dollars and interest, and falling due on December 28, 1898; in said mortgage it was provided that upon default in the payment of said note, the mortgagee might take possession of the property, using all necessary force so to do, and proceed to sell the same to satisfy the note; that the mortgagor made default in the payment of said note, and had so remained in default ever since the same was due, and no part of the note had been paid, except certain interest thereon; that on May 22, 1899, defendant, as executor of said deceased, sold the said property, under an order of the superior court, in separate parcels to various purchasers; that on said May 22d, and before said sale, plaintiff duly demanded possession of all said property, except three horses, but defendant refused to deliver the same or any part thereof to plaintiff, and thereafter sold and disposed of the same as aforesaid. It also appears from the evidence, without conflict, that the three horses not mentioned in the demand, though included in the mortgage, would not have been delivered by defendant if demanded.

1. It is true that under section 2888 of our Civil Code the legal title of mortgaged property is in the mortgagor; and yet at the same time it must be admitted that the mortgagee has an interest in the mortgaged property; and here, this interest being by the very terms of the mortgage contract coupled with a right of possession, the refusal to yield that possession on demand amounted to a deprivation of a valuable right which the mortgagee had in the property, and was a

conversion of his interest in such property. The possession of the property, and its delivery on the sale to satisfy the debt, would naturally tend to increase the price that it might bring, and the inability to deliver would naturally decrease that price, and thus the want of possession in the mortgagee would depreciate the value of the mortgage security and greatly impair his interest in the property. The legal title is not always necessary to an action for conversion, but any special valuable interest in the property, accompanied with the right of possession, is a sufficient title upon which to base the right of such an action. We quote the language of the supreme court of Wisconsin in a case similar to this: "His right to recover against any person unlawfully converting the same in hostility to his rights as mortgagee, was just as perfect as if he had been the absolute owner thereof; the only difference being that as against persons claiming under the mortgagor or his assignee his right to damages would be limited to the amount due upon his mortgage, and not the value of the property, if such value exceeded the amount so due." (*Smith* v. *Konst*, 50 Wis. 360.)

The death of the mortgagor did not affect the rights of the mortgagee under the contract, and the executor possessed no new rights to the property, or to the possession of it, that were not in the mortgagor in his lifetime. On default in the payment of the note, the mortgagee had the right of possession of the property, as well against the executor of the mortgagor as against the mortgagor himself. It is equally clear that the executor cannot avoid personal responsibility for his tortious act by claiming that it was committed for the benefit of the estate under the order of the court. He was not ordered by the court to refuse to deliver property the rightful possession of which was in the party demanding it.

There is nothing in the cases of *Alferitz* v. *Borgwardt*, 126 Cal. 201, and *Bank of Ukiah* v. *Moore*, 106 Cal. 673, in conflict with the foregoing. In neither of these cases does it appear that there was any contract in the mortgage that the mortgagee should be entitled to the possession of the mortgaged property.

The facts found by the court show just what the title of the plaintiff to the property in dispute was, and it was not

CXXXVIII. Cal.—22

essential that the court should find in terms that she was the owner of the property.

Plaintiff did not waive any right or interest in the property mortgaged by presenting to the executor a claim for the amount due her.

There was no contention made anywhere in the course of the case that the mortgagor was not the owner of the property, or that he for any reason had not the right to mortgage it to plaintiff; and there being no issue on the question, it was not necessary to find upon it. Of course, the fact found, that he mortgaged the property, carries with it, as against him and his successors, the inference that he owned and had a right to so mortgage it.

We advise that the judgment be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Shaw, J.,    Van Dyke, J.,    Angellotti, J.,
Lorigan, J.,    McFarland, J.,

Rehearing denied.