[Thompson, et al. v. Logan.]

# Thompson, *et al. v.* Logan.

## *Ejectment.*

(Decided Dec. 16, 1909. Rehearing denied Feb. 26, 1910.
51 South. 985.)

1. *Adverse Possession; Evidence; Directing Verdict.*—The court may direct a verdict for the defendant where the evidence on the part of the plaintiff, who claims by adverse possession is wanting entirely in either of the essentials of such possession.

2. *Same.*—Where the plaintiff claims by adverse possession, and also claims that his ancestor had received the property claimed in exchange for other property, and there was evidence tending to show these facts it was a question for the jury to say whether there had been an exchange of land, and as to whether the equitable title of plaintiff's ancestor had ripened into a legal title by adverse possession.

3. *Same; Notoriety.*—Notoriety is important only on a question of adverse possession where the adverse character of the possession is to be brought home to the owner by presumption, and hence, if the owner has actual knowledge that the possession of another is adverse to his title, the occupancy need not be open, visible and notorious.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Ejectment by E. W. Thompson and another against Warren Logan. Judgment for defendant and plaintiffs appeal. Reversed and remanded.

NORMAN & SONS, for appellant. Declarations made by a party in possession as to his title or interest are admissible in evidence.—*Humes v. O'Brien,* 74 Ala. 64; *Fountain, et al. v. Beers, et al.,* 19 Ala. 728. In the absence of evidence that a grantor is in possession of land at the time he makes a deed thereto, such deed is not admissible.—Warvelle on Ejectment, sec. 222. Such deed is not admissible as color of title.—*Anniston C. L. Co. v. Edmundson,* 127 Ala. 464. There was evidence tending to show title in the plaintiffs, and the

[Thompson, et al. v. Logan.]

court could not give the affirmative charge on the theory that plaintiffs had failed to establish their title.—*Coleman v. Foster*, 112 Ala. 506; *Cox v. Clarke*, 93 Ala. 400; Sec. 375, subd. 3, Code 1907. There was evidence of acts performed by the plaintiff sufficient to put in operation the statute of limitation.—*Brand v. U. S. Car Co.*, 128 Ala. 582; *Goodson v. Brothers*, 111 Ala. 589. By the exchange plaintiffs acquired a perfect equity which ripened into a legal title by ten years possession. —*Newsome v. Snow*, 91 Ala. 641. The law will presume a deed after the lapse of twenty years.—*McArthur v. Carry*, 75 Ala. 75; *Wilson v. Holt*, 83 Ala. 528; *Normant v. Eureka Co.*, 98 Ala. 187. The defendant failed to prove adverse possession.—*Fennoe v. Sayre*, 3 Ala. 472; *Woods v. Montevallo C. & T. Co.*, 84 Ala. 567; *Anniston C. D. Co. v. Edmundson, supra.*

GUNTER & GUNTER, N. D. DENSON, and O. F. LEWIS, for appellee. Upon the evidence in this case the possession of plaintiff was limited to that part of the premises actually occupied pedis possessio.—*Ryan v. Kilpatrick*, 66 Ala. 332; *Chastang v . Chastang*, 141 Ala. 451. Here, there is no color of title with appellants and they must rely on adverse possession.—*McPherson v. Walter*, 16 Ala. 714. The evidence does not disclose the essential elements of adverse possession.— *Ryan v. Kirkpatrick, supra; Farley v. Smith*, 39 Ala. 38; *Rivers v. Thompson*, 40 Ala. 33; *Burkes v. Mitchell*, 78 Ala. 61; *Goodson v. Brothers*, 111 Ala. 589; *Chastang v. Chastang, supra.* Counsel discuss the evidence and insist that the court properly directed a verdict for the defendant, and in support thereof cite the cases above, and *Herbert v. Hamrick*, 16 Ala. 581; *Brown v. Cockerell*, 33 Ala. 38; *Daniels v. T. C. I. & R. R. Co.*, 153 Ala. 493; 1 Allen 245; 10 N. H. 397; 10 Heisk, 675; Warbelle on Eject., Sec. 433.

[Thompson, et al. v. Logan.]

SIMPSON, J.—This is a statutory action of eject-ment by the appellants against the appellee. The plain-tiffs claim as the heirs of Waddy Thompson, and the defendant traces his title through some of the heirs of J. W. Boyd. The evidence is without conflict that orig-inally the land in controversy, which was pine timber-ed land, without any improvement on it, was owned by J. W. Boyd, and that said Waddy Thompson owned another tract, known as the "Hayden place."

It is shown by a deed introduced in evidence, that on October 24, 1866, said Waddy Thompson conveyed the Hayden place to said Boyd, reciting a money con-sideration, and, while the plaintiffs were not able to produce any deed from Boyd to Thompson conveying the land in question, several witnesses, including the sons of Boyd, testified that they had heard Boyd say on several occasions that he had traded the land in con-troversy to Thompson in exchange for the Hayden place, which Thompson had conveyed to him, and that Mr. Thompson "took charge" of the place in question at the same time that Mr. Boyd took charge of the Hay-den place, and claimed it as his own during his life. One of the sons of J. W. Boyd testified that, at the time that certain parties through whom the defendant claims were negotiating for the land (after his father's death), he told them that the land did not belong to his father's estate, but to his uncle Waddy Thompson's estate, and that he refused to execute a quit-claim deed to it because he knew it belonged to his uncle.

It is true that when the evidence on the part of the plaintiff, claiming by adverse possession, is wanting en-tirely in either of the essentials of adverse possession, the court is justified in giving the general charge in favor of the defendant.—*Chastang v. Chastang*, 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45. It is

true, also, that the facts in regard to cutting timber at different times would not, of themselves, without more, be sufficient to establish adverse possession in Waddy Thompson; but if he "took charge" of the place at the same time that his deed was made to Boyd, and Boyd during his life (from 1866 to 1884) made statements that he did not claim the place, but had traded it to Thompson, and Thompson besides getting the timber, was offering to sell the place, and claiming it as his own, up to the time of his death in 1894, and during that time was making contracts selling timber to be taken off the place generally, without any designation of any particular place, it was a question for the jury to determine whether or not the exchange of the land had been made, and whether the equitable title of Thompson had ripened into a legal title by adverse posession.

The claim of title being established, the question of the notoriety of the claim, by the acts of ownership, is for the benefit of the party against whom the claim of title is asserted, and if the evidence shows that said party not only knew that the other party was claiming to own the land, but acquiesced in the claim by having sold the land by parol and recognizing the other party as the owner, the same evidence is not required to advise him of the possession by the other party as would be otherwise required. He would have the same notice to the extent of the claim of the other party, who was exercising dominion over a part of the land, as he would have if said party was acting under color of title. "If the owner have actual knowledge that the possession is adverse to his title, the occupancy need not be open, visible and notorious. Notoriety is important only where the adverse character of the possession is to be brought home to the owner by presumption."—1 Cyc.

[Deason v. Stone, et al.]

999; *Trotter v. Neal* 50 Ark. 340, 345, 7 S. W. 384; *Clark v. Gilbert,* 39 Conn. 94, 97; *Dausch v. Crane,* 109 Mo. 323, 336, 337, 19 S. W. 61; *Thomson v. Thomson,* 93 Ky. 436, 441, 442, 20 S. W. 373.

The question as to whether the defendant and those through whom he claimed had acquired title by adverse possession was also for the jury. The evidence as to the character of possession, its exclusiveness, continuance, and notoriety, was not such as to authorize the court to take the determination of the adverse possession from the jury. It results that the court erred in giving the general charge for the defendant.

It is unnecessary to discuss the other points made. The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.

