## MOSES HOLDEN *vs.* BLIN W. PAGE.

### Somerset.   Opinion August 1, 1919.

*Rule as to necessary character of possession of land, where persons claim to hold same
adversely.   What are considered as wild lands.   Rule where same lands are con-
.tiguous to improved and cultivated lands and commonly used therewith for
fuel, fencing or pasturing.   General rule as to adverse possession of culti-
vated and improved land extending to wood lots or wild lands, so called,
used in connection with improved lands.   General rule as to payment of
taxes by occupant of lands being of some evidence that the occupant
is claiming title to the lands upon which said taxes are paid.
Rule where the knowledge of payment of taxes is brought
home to the real owner.   Necessity of proving
actual knowledge on part of the real owner of
the adverse claim of ownership, or posses-
sion.   Presumption in such case.
R. S., Chap. 110, Sec. 10,
interpreted.*

Trespass to try title to land known as the Holden Farm, situated in Dennistown
Plantation, County of Somerset.  ·The defendant has the record title.  The
plaintiff claims the property by adverse possession.  A verdict was returned
for the plaintiff.  The case is brought up on motion and exceptions.

*Motion:*

The defendant in argument conceded the plaintiff's title to the cleared and culti-
vated land.  Title to about forty acres of woodland is involved in the hearing
before this court.  The wood land is only in small part fenced.  No color of
title under recorded deeds is claimed.  The plaintiff relies upon R. S., Chap. 110,
Sec. 10, which provides in substance that title to woodland belonging to a farm
and used therewith as a wood lot, though not enclosed by fences, or otherwise, ·
may be acquired by adverse possession if the possession has been open, notori-
ous and comporting with the ordinary management of a farm.  It was con-
tended that the land involved was and is wild land not within the contemplation
of the statute and that the plaintiff was but an·occasional trespasser upon it.

*Held:*

That when land is contiguous to improved and cultivated land and commonly
used therewith for fuel, fencing, repairs or pasturing it no longer has the
character of wild land;

That in an action involving a claim of possessory title to land the fact that taxes upon it have been assessed to the occupant is immaterial, payment of taxes by him is not proof of possession; but that such payment by an occupant who is not a tenant is evidence of an adverse claim of title;

That occasional trespasses will not ripen into title, but when a person in possession of land pays taxes upon it year after year, with the knowledge of the owner, such occupant cannot be properly classified as an occasional trespasser.

That the evidence in this case is sufficient to justify the verdict.

*Exceptions:*

The presiding Justice permitted the plaintiff to introduce evidence that Omar Clark, one of the defendant's predecessors in title, in exploring and surveying the plantation and computing its area, deducted from the acreage the Samuel Holden Farm. Clark was not then owner of the property, but was exploring with the view of purchasing it and with others he did later acquire it. The evidence was admissible. To make title by adverse possession it is not necessary to bring home to the owner actual knowledge of the possession. It is sufficient to prove acts of possession so open and notorious that the owners knowledge of them and of their adverse character may be presumed. But actual knowledge may be shown. Whenever it is competent to prove a fact presumptively it may be proved directly. The evidence excepted to tended to prove that Clark, before his purchase but while exploring the land in view of acquiring it, had actual knowledge of Holden's possession and of the adverse character of that possession. That knowledge may fairly be presumed to have continued until Clark became one of the owners.

Action of trespass quare clausum. Defendant filed plea of general issue; also brief statement setting forth an alleged ownership in the parcels of land described in plaintiff's writ. Verdict for plaintiff in the sum of $211.00. Defendant filed motion for new trial; also exceptions. Motion and exceptions overruled.

Case stated in opinion.

*Walton & Walton,* for plaintiff.

*George W. Gower,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, WILSON, DEASY, JJ.

DEASY, J. Trespass to try title to land in Dennistown Plantation, County of Somerset. The property involved is an approximately rectangular lot containing, including several acres of water, nearly one hundred acres, with a farm house and farm buildings thereon.

The defendant has the record title to the locus, derived under deeds dated 1882 from Abner and Philander Coburn, who are conceded to have been the owners of the property.

The plaintiff claims title by adverse possession. The case shows that the plaintiff's father, Samuel Holden, settled upon the lot in 1858, erected farm buildings and lived upon the place until his death in 1884, and that the plaintiff, who is sixty years of age, was born and spent his life there. In 1911 the plaintiff received a conveyance from the other heirs of Samuel Holden.

Mr. Buswell who made the plan used in this case, divided the lot into six parcels, irregular in shape and varying in size from one acre to thirty-five acres, the division being based upon the difference in the kind of land and character of use. The jury found by their answers to questions submitted by the court that the plaintiff had acquired title by possession to all these parcels. They also returned a general verdict for the plaintiff for the sum of two hundred and eleven dollars. The case comes to the Law Court on motion and exceptions.

MOTION:

In the argument before the Law Court it was conceded that the plaintiff had acquired title to fifty acres of field and pasture land, being Parcels 2 and 5 on Buswell's plan. The controversy, therefore, relates only to about forty acres of woodland. The woodland is only in small part fenced. No color of title under recorded deeds is relied on by the plaintiff. If he has gained title by adverse possession to the land now in dispute it must be by reason of R. S., Chap. 110; Sec. 10, which reads as follows:

"To constitute a disseizin, or such exclusive and adverse possession of lands as to bar or limit the right of the true owner thereof to recover them, such lands need not be surrounded with fences or rendered inaccessible by water; but it is sufficient, if the possession, occupation and improvement are open, notorious and comporting with the ordinary management of a farm; although that part of the same, which composes the woodland belonging to such farm and used therewith as a wood lot, is not so enclosed."

This statute does not dispense with any of the elements necessary to make possessory title. *Tilton* v. *Hunter*, 24 Maine, 33. While color of title is not essential and enclosure by fences not necessary, acts of possession must be shown so open, notorious and continuous

that the owner viewing the land may be presumed to know of the use and of its character and extent. Occasional trespasses will not ripen into title. *Adams* v. *Clapp*, 87 Maine, 316; *Smith* v. *Sawyer*, 108 Maine, 485.

Were the court passing originally upon the facts it might find against the plaintiff's contention but the verdict of the jury is not so clearly wrong as to require reversal. It appears that with negligible exceptions all the wood used on the farm for fuel, fencing and repairs during nearly half a century was cut on these wood lots. There was evidence of wood cutting from time to time on all parcels of land. Mr. Buswell testified that the land appeared like land that had been cut over.

The defendant contends that the use was interrupted. The defendants predecessor operated upon the land in 1884. The defendant did some lumbering there in 1910. Between 1858, when Samuel Holden settled upon the property, and 1910 there are two periods of more than twenty years during which such use as the Holdens made of the property was apparently uninterrupted.

The defendant claims that outside the field and pasture the property consisted of wild land and that the statute above quoted does not apply. But wild land has been defined as "land in a wilderness state, not used in connection with improved estates." *Stevens* v. *Owen*, 25 Maine, 100.

When land is contiguous to improved and cultivated land and commonly used therewith for fuel, fencing, repairs or pasturing, it no longer has the character of wild land. *Stevens* v. *Owen*, supra; *Chase* v. *Alley*, 82 Maine, 234.

Again the defendant urges that the plaintiff was but an occasional trespasser, or, at all events, that the defendant was justified in so regarding him. In this connection the evidence relating to taxation is significant.

In an action involving title the mere fact that taxes are assessed against a person in possession of land is utterly inconsequential. At most it shows the opinion of the assessors in reference to the title and their opinion is immaterial. *Smith* v. *Booth Brothers*, 112 Maine, 308.

Payment of taxes upon land is not evidence of possession. *Smith* v. *Booth Brothers*, supra.

But payment of a tax upon land is evidence of a claim of title. *Daly* v. *Children's Home*, 113 Maine, 528; *Carter* v. *Clark*, 92 Maine, 228. If such payment is known to and acquiesced in by the owner it becomes more significant.

· Turning to the facts of this case it appears that in every year from 1885 to date the plaintiff has paid taxes in Dennistown Plantation upon one hundred acres, or more. The land was not described in the assessment books, but the defendant admits his knowledge that the plaintiff was paying taxes on the one hundred acres in dispute. See testimony of defendant as follows:

"Q—Now as a matter of fact, have you not known that Moses Holden was paying taxes on that so-called Holden farm, and that— you were not paying taxes on it?

A—No, not that I wasn't. I know he has been paying taxes, I assume he has been paying taxes on 100 acres.

Q—You knew that?

A—Yes, sir.

Q—Didn't you understand it was that particular farm that he was paying taxes on?

A—I suppose it would be round about somewhere there.

Q—Didn't you understand that it was that farm that he was paying taxes on?

A—Why, yes, sure.

Q—Sure?

A—Sure."

Paying taxes upon land year after year is inconsistent with the character of an occasional trespasser. Such payment by an occupant who is not a tenant is an assertion of title. It may transmute mere possession into a disseizin.

From the evidence and the defendant's admissions the jury were authorized to find that the plaintiff during more than twenty years claimed title to this woodland and without interruption used it as farmers ordinarily use their wood lots and that the defendant knew of and acquiesced in such use.

EXCEPTIONS:

The presiding Justice permitted the plaintiff to introduce evidence that Omar Clark, one of the defendant's predecessors in title, in exploring and surveying the plantation and computing its area

deducted from the acreage the Samuel Holden farm. Clark was not then owner of the property, but was exploring with the view of purchasing it and with others he did later acquire it. We think that the evidence was admissible.

To make title by adverse possession it is not *necessary* to bring home to the owner actual knowledge of the possession. *Green* v. *Horn*, 112 N. Y. S., 993; *Land Company* v. *Powers' Heirs*, (Ky.), 144 S. W., 2. It is sufficient to prove acts of possession so open and notorious that the owners knowledge of them and of their adverse character may be presumed. *Morse* v. *Williams*, 62 Maine, 446; *Roberts* v. *Richards*, 84 Maine, 10; *Carter* v. *Clark*, 92 Maine, 230; *Hooper* v. *Leavitt*, 109 Maine, 77. But actual knowledge may be shown. Wherever it is competent to prove a fact presumptively it may be proved directly. *Thompson* v. *Logan*, (Ala.), 51 So., 985; *McCaughn* v. *Young*, (Miss.), 37 So., 839; *Lasley* v. *Kniskern*, (Mich.), 115 N. W., 971.

The evidence excepted to tended to prove that Clark before his purchase but while exploring the land in view of acquiring it, had actual knowledge of Holden's possession and of the adverse character of that possession. That knowledge may fairly be presumed to have continued until Clark became one of the owners.

*Motion and Exceptions overruled.*