MORRISON *v.* JONES.

(In Banc.  March 9, 1942.)

[6 So. (2d) 577.  No. 34872.]

**J. M. Travis,** of Meridian, for appellant.

**H. L. Finch**, of Laurel, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Suit in replevin was brought by the trustee in a chattel deed of trust for possession of a horse covered thereby; default having occurred. Testimony for the plaintiff disclosed that one John Walker brought the horse to Miss Abney, who operated a mercantile store, with a request that she advance to him the sum of $16 to make final payment for the horse, and in order to secure such sum, together with other advances thereafter to be made executed a note in such amount and the deed of trust securing this and any further advances.

Upon default, the trustee brought this action. The testimony further shows that the appellee lived on the same farm with the mortgagor and knew of the trans-

action with Miss Abney and "traded on the deed of trust," procuring merchandise thereunder which was charged to Walker. It is also revealed that when Walker executed the deed of trust under which he warranted the title to the horse he was riding the animal, and at other times was seen riding the horse, which was also used on the farm. The trial court excluded evidence tending to show possession of the horse by Walker, and we think this was error. Possession is a relevant evidential factor in proof of ownership, and, indeed, is sufficient prima facie evidence thereof to withstand a motion to exclude plaintiff's evidence which shows such possession. International Harvester Co. v. Threlkeld, 226 Mo. App. 600, 44 S. W. (2d) 182; Mathew v. Mathew, 138 Cal. 334, 71 P. 344; Vaughan v. Borland, 234 Ala. 414, 175 So. 367, 111 A. L. R. 1370; Sarasota County v. Weeks, 100 Fla. 1064, 130 So. 599; 50 C. J. 786; 22 R. C. L. 79; 14 C. J. S., Chattel Mortgages, sec. 23, p. 619; Wigmore on Evidence, Sec. 2515. It is no answer to say that such prima facie case may be readily rebutted. Here there was no proof of ownership in appellee, since, at the close of the plaintiff's case, the trial court sustained defendant's motion to exclude.

Moreover, the testimony upon the issue whether defendant by his knowledge of the deed of trust and his availing of the benefits thereunder by procuring and sharing advances made upon its security was estopped to assert an exclusive ownership, is sufficiently strong to withstand the motion to exclude. Levy v. Gray, 56 Miss. 318; Richardson v. Toliver, 71 Miss. 966, 967, 16 So. 213. Cf. Sivley v. Williamson, 112 Miss. 276, 72 So. 1008; 14 C. J. S., Chattel Mortgages, Sec. 23, p. 615. There is no need to comment upon the other assignment of error.

Reversed and remanded.