LEGGETT *v.* NORMAN *et al.*

(In Banc.   March 9, 1942.)

[6 So. (2d) 578.   No. 34866.]

Welch & Cooper, of Laurel, for appellant.

Jeff Collins, of Laurel, for appellees.

Argued orally by **W. S. Welch**, for appellant, and by **Jeff Collins**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Mrs. Angenette Leggett owned a tract of land in Wayne County, a half interest in which, after negotiation through her son, the appellant, who was interested in providing a home for her, she undertook to exchange for the lands in suit owned by W. R. Norman. Deed to the Wayne County lands was executed and delivered to Norman, but the latter omitted to execute his deed in return. However, Mrs. Leggett, together with her son and his wife, moved upon the lands here involved, being the NE¼ SW¼, NW¼ SE¼, and the NE¼ SE¼, Section 4, Township 8, Range 11 West, Jones County. There is no dispute that these parties have resided on these lands since 1927.

Norman died two years after the alleged exchange of lands without having delivered his deed to the lands in Jones County. In October, 1940, the widow and other heirs at law of W. R. Norman filed this action in ejectment against appellant and Bruni Leggett and wife to recover possession of the lands above described. Appel-

lant pleaded affirmatively a title to the land by adverse possession. No claim thereto was made by the other defendants, who conceded that they held only as tenants of appellant. From a judgment in favor of appellees, this appellant alone appeals.

The testimony for appellant amply sustains the contention that the land has been continuously, openly, and notoriously occupied by his mother and Mr. and Mrs. Bruni Leggett as tenants by permission and on behalf of appellant. It remains to examine whether such occupancy was hostile or adverse, so as to preclude the claim of the heirs of W. R. Norman. The testimony is undisputed that Norman knew of the transaction and had accepted and recorded his deed to an interest in the Wayne County lands; that he recognized his obligation to execute a deed to the lands in suit but postponed action under pressure of business duties; that materials for repairs on the latter property were ordered by him but paid for by Leggett; and that taxes thereon for the year, 1928, although paid by Norman, were charged to Leggett under Norman's direction. Norman died in August, 1929. It is not without significance that the widow of Norman later sold the interest in the Wayne County lands for $2,000.

Such possession and user prior to the death of Norman, being with his actual knowledge and consent and in obvious compliance with the agreement to exchange lands, carries with it a degree of estoppel which dispenses with the necessity for imputing constructive knowledge by a notorious occupancy. McCaughn v. Young, 85 Miss. 277, 37 So. 839; Trotter v. Neal, 50 Ark. 340, 7 S. W. 384; 2 C. J. S., Adverse Possession, sec. 45, p. 559. Compare Morrison, Trustee, v. Jones, 192 Miss. 567, 6 So. (2d) 577, this day decided. But appellant's claim does not rest alone upon the fact of actual knowledge by Norman. After the death of Norman, appellant, through his tenants, continued to occupy this land as a home, made improvements and repairs, and Leggett, having had the

property assessed to him, paid the taxes thereon. There is no substantial contradiction as to such open, notorious and adverse occupancy.

Appellees contend that since they knew nothing of the transaction pursuant to which appellant took possession, the statute should not run as to them. This contention is without foundation. The statute once put in operation is not tolled by the death of the owner. McCoy v. Nichols, 4 How. 31; Stevenson's Heirs v. McReary, 12 Smedes & M. 9, 20 Miss. 9, 58, 51 Am. Dec. 102; Tippin v. Coleman, 61 Miss. 516; 2 C. J. S., Adverse Possession, sec. 155, p. 729; 1 Am. Jur., Adverse Poss'n., Sec. 125. The tenants under Leggett disclaimed any right of title.

Section 2312, Code 1930, has no application. This statute postpones the running of limitations until after the actual or constructive knowledge of concealed fraud. Its application would be inconsistent with the ten-year statute establishing title by adverse possession, since under the latter statute knowledge of an open, notorious and adverse possession may be presumed. Wilson v. Williams' Heirs, 52 Miss. 487, 492; 1 Am. Jur., Adverse Poss'n., Sec. 238. There was no legal duty upon Leggett to inform appellees of rights already accrued nor of an intention to avail thereof. Thornton v. City of Natchez, 88 Miss. 1, 41 So. 498; Gardiner v. Hinton, 86 Miss. 604, 38 So. 779, 109 Am. St. Rep. 726. Since, therefore, the testimony of Mrs. Norman that she did not know of the transaction involving the transfer nor of Leggett's claim was irrelevant and ought to have been excluded, this leaves the proof of adverse possession not only uncontradicted but also buttressed by circumstances showing a compliance with the agreement to exchange lands and the original entry by appellant pursuant thereto. No other consideration was shown to have been paid for the Wayne County lands, except the lands in suit, while, on the other hand, the interest which Norman acquired in the former was realized upon by his widow through a subsequent sale

thereof for a substantial price. We are of the opinion that the refusal of the trial court to grant appellant a peremptory instruction was error.

Reversed and judgment here for appellant.