**Eugene H. TURNER and Linda Turner**

v.

**Ronald REED, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 4, 1992.

Decided April 10, 1992.

Francis M. Jackson, Jackson & Silverstein, Portland, for plaintiffs.

Michael Kaplan, Jonathan Piper, Preti, Flaherty, Beliveau & Pachios, Portland, Tristine Grimes Smith, Saco, for defendants.

Before WATHEN, C.J.,* and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Eugene and Linda Turner appeal from a Superior Court decision (Cumberland County, *Cole, J.*) denying their claims of title by way of adverse possession and for trespass arising out of a property dispute between the Turners and Ronald Reed. On appeal the Turners advance four arguments.

■ First, they contend that the Superior Court abused its discretion when it admitted surprise expert testimony by Mr. Titcomb, a surveyor. The Turners have never claimed record title, but title by adverse possession. The location of the actual boundary, according to Titcomb's survey, had no effect on their claim. The court's decision to admit the surveyor's testimony did not compromise the integrity of the trial or unfairly prejudice the Turners. *See Spickler v. York,* 566 A.2d 1385, 1388–89 (Me.1989).

■ Second, the Turners contend that the Superior Court's findings that Moreau, the Turner's predecessor in title, recognized superior title in Kourapis, Reed's predecessor in title, and that he asked permission to fill the area in question are not supported by the record. Kourapis testified that Moreau asked her permission before filling in part of the land in question. That testimony was uncontested. The Superior Court's findings find ample support in the record.

Third, the Reeds argue that the Superior Court failed to accord sufficient weight to the fact that Moreau had been paying taxes on the property in question. The Turners presented no evidence showing that Kourapis knew that Moreau was paying taxes on the land, or that Moreau knew he was paying taxes on the land. The significance of the payment of property taxes by an adverse possessor is reduced when the

* At the time of initial conference, Wathen, C.J. was an Associate Justice. He qualified as Chief Justice on March 20, 1992.

 

record title holder does not have knowledge of, or acquiesce to, the payment. *Holden v. Page*, 118 Me. 242, 246, 107 A. 492 (1919). The fact of payment alone did not compel the court to find for the Turners.

 Finally, the Turners contend that the judgment's present form is inadequate. The judgment is explicit as to the ownership of the land in question and specifically denies the Turners' claim of title by adverse possession. The judgment is perfectly adequate as written.

The entry is:

Judgment affirmed.

All concurring.