FOSTER TRAILER CO. *v.* UNITED STATES FIDELITY &
GUARANTY CO.

(*Nashville,* December Term, 1949.)

Opinion filed March 17, 1950.

SAM P. WALKER, of Memphis, for plaintiff in error.

CHARLES L. NEELY and O. W. WELLS, both of Memphis, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is a suit for benefits under a "Manufacturers' and Contractors' Liability Policy" brought in the Circuit

Court of Shelby County by the insured, Foster Trailer Company, against the insurer, the U. S. F. & G. Company. The Trial Judge sustained a demurrer to the declaration and dismissed the suit. Plaintiff has perfected appeal.

The pertinent facts, as they are stated in the declaration, are these: Plaintiff contracted with the City of Paris to repair and reconstruct a truck, by installing an "A" frame and footing therefor. The truck was to be used for the erection of poles and similar operations by the City of Paris. Before the work of repair and reconstruction was completed by the Plaintiff, the City of Paris took the truck from the Plaintiff, and the City itself, installed the "A" frame and a defective pin in the footing. The original agreement was that the Plaintiff should deliver to the City a complete job. According to the declaration:

"This agreement, however, was modified, in that the final completion of said truck by installing the "A" frame, including an inspection of the footings, so that the use of the "A" frame would be safe, was to be done by the City of Paris.

"The City of Paris did install said frame, but failed to inspect said footing or to properly fasten said pin, and began to use it in this condition, with the result that one of its employees was seriously injured."

The injured employee brought suit against Foster Trailer Company. The Defendant Insurance Company denied liability on the policy, refused a request to defend the suit, but later, though denying liability, consented that Foster Trailer Company settle the lawsuit of the injured employee by paying to him the sum of $6000. It was to recover that sum with certain interest and fees, that the present suit was brought.

It is clear from the quoted statements of the declaration that the injury to the City's employee occurred after the work of repair and reconstruction had been completed or discontinued, and when the truck was being used in the normal course of the City's business for the erection of poles. This is important in considering the limitations of risk or hazards as they were defined in the policy which we now consider.

The policy exhibited with the declaration is a "Manufacturers' and Contractors' Schedule Liability Policy." The "schedule" covers hazards split into six divisions, viz:

(1) Premises—Operations
(2) Elevators
(3) Products
(4) Teams
(5) Contractual
(6) Independent Contractors

According to the insurance contract, the coverage was limited expressly to those divisions of hazards for which a specific premium was paid. On the present policy, the Plaintiff paid a premium for, and was insured against liability for personal injury in a maximum amount of $10,000 for any one person, and $20,000 for any one accident, only under the following "definition of hazards:"

"Division 1. Premises—Operations:

"The ownership, maintenance or use of the premises, and all operations during the policy period which are necessary or incidental thereto."

Elsewhere in the policy, it appears that the "premises" were "380 Monroe Avenue, Memphis, Shelby County, Tennessee," and in the premium schedule on page 3 of the policy this appears:

"Coverages and Divisions selected and premium charges for same:

"1. Premises—Operations

"Automobile or Trailer Body Repairing—all operations—Advance Premiums $26.20"

By a renewal certificate which was in effect when the matters here in controversy arose, the "premises" were apparently changed from "380 Monroe Avenue" to "Location of all work places—149 N. Barksdale, Memphis, and elsewhere in the State of Tennessee." The applicable "division of hazards" is not mentioned in the renewal certificate, but it is expressly a *renewal* and the premium charge is $26.20, the same amount charged for premium for insurance under "Division 1.—Premises—Operations"—in the original policy.

Though apparently, this form of policy has never before been in controversy in this Court, it is a common form of insurance and has frequently been the subject of controversy and construction in Courts of Last Resort of many other states. Compare *Baker* v. *Maryland Cas. Co.*, 73 R. I. 411, 56 A. (2d) 920; *Standard Acc. Ins. Co.* v. *Roberts,* 8 Cir., 132 F. (2d) 794; *Berger Bros. Electric Motors* v. *New Amsterdam Cas. Co.,* 293 N. Y. 523, 58 N. E. (2d) 717, 156 A. L. R. 1281; *Hutchinson Gas Co.* v. *Phoenix Indemnity Co.,* 206 Minn. 257, 288 N. W. 847.

We find no ambiguity in the terms of the policy or the renewal certificate, although there may be some lack of clarity in our abbreviated re-statement of the relevant provisions of those documents. It is clear beyond doubt that the insurance covered only "automobile or trailer repairing—all operations," as a result of which, Foster Trailer Company was or might become liable at 149 N.

Barksdale, Memphis, and elsewhere in the State of Tennessee.

■■ The plaintiff argues that when the City repossessed the truck from the Defendants before the repairs had been completed, and when the City itself undertook to complete the repairs, that it so became the agent of the Defendant for the completion of the repairs in a safe and workmanlike manner. No authority is cited to support the creation of such agency by a municipal corporation, and the facts stated in the declaration, wholly fail to support an inference that the City of Paris undertook to act as agent for the Plaintiff Trailer Company. An elementary and essential factor in the relation of Principal and Agent, is that the object of the contract is for the benefit of the principal. Here, obviously, the object of the repair of the truck was for the benefit of the owner, the City of Paris. We think the language of the declaration, quoted above, necessitates the construction that at a time when the truck was in the hands of Foster Trailer Company, and the repairs were incomplete, that the parties to the repair contract modified the original contract, made a new contract by which Foster delivered the truck to the City of Paris with the repairs incompleted and the agreement that the City of Paris should complete those repairs. Whatever rights or liabilities arose between Foster and the City of Paris as a result of that new contract, it is certain that no third party, such as the injured City employee, had any rights against Foster as a result of that part of it, which the City as owner of the truck, undertook to perform for itself.

■ Bearing in mind that the only purpose of this insurance was to protect Plaintiff from liability in its

work on trucks and automobiles, it follows that if the accident here was not caused by any defective repair work for which the Plaintiff was responsible, there is no liability on the policy. The defective pin in the "A" frame footing, which, according to the declaration, caused the accident, was installed by the City of Paris, and since we reject the argument that in making the installation of the pin, the City was the agent of the Plaintiff, it follows that Foster was not liable for the accident and neither was the Defendant, its insurer. Furthermore, the insurance was unambiguously limited to repair operations and when the accident happened, repair operations had been completed (whether in a safe and workmanlike manner or not, is immaterial) and the truck was in use by the City, as owner, in the performance of its City business in erecting electric light poles.

Plaintiff argues that by the quoted language of the renewal certificate, "elsewhere in the State of Tennessee" original coverage under the policy was extended from Foster's premises to any place in the State of Tennessee. If this be the true construction, nevertheless, it would only extend the coverage to a defect in a repair operation, or an incident thereof. As stated, we find that the accident here occurred, not in the course of a repair operation, but after repairs had been completed and the truck was in normal use.

In our view, two factors preclude Plaintiff's recovery from the insurance company in the present case, (1) the defect which caused the accident was one for which Foster was not responsible, (2) when the defect caused the injury and accident, no repair operation was in progress, and the insurance was limited to liability of Foster during repair operations.

Plaintiff places much reliance on *Daniel* v. *New Amsterdam Cas. Co.*, 221 N. C. 75, 18 S. E. (2d) 819, 820. In that case a stove was the subject of the repair, and the term of the contract was that the repairs should be so made as to put the stove in condition to ''be satisfactory in giving heat and be safe.'' After the repairs had been made, on account of a negligent failure to empty the disconnected water back, an explosion occurred. The Court allowed a recovery against the insurance company on a public liability policy and held that the work of repair was not complete ''so long as the (plumber) has omitted or altogether failed to perform some substantial requirement essential to its functioning (of the thing worked upon), the performance of which the owner still has . . . right to demand.'' The quoted language is sufficient to distinguish that case from the situation before us here. Since the Plaintiff did not install the defective pin which was the cause of the present accident and since under the modified contract, it was not the Plaintiff's duty to install the pin, it was not any repair work of the Plaintiff which rendered the job incomplete in the sense of the definition above, and we have held that there was no relation of principal and agent or master and servant between the Foster Trailer Company and the City of Paris which would render the Foster Trailer Company liable on the principle of respondeat superior. It would seem that the decision in the Daniel case is out of line with the decisions of the Courts in other States. In considering a policy identical with the one before us, the Supreme Court of Rhode Island refused to follow it in *Baker* v. *Maryland Cas. Co., supra,* and in *Berger Bros. Electric Motor Co.* v. *New Amsterdam Cas. Co., supra.* the definition of ''completion'' approved in the Daniel case is rejected.

However, we prefer to base our decision on the statement in the declaration, that the contract was modified and the City of Paris undertook to complete the contract and that "the City of Paris did install said frame but failed to inspect said footing or to properly fasten said pin, and began to use it (the truck) in this condition, with the result that one of its employees was seriously injured." Since the Plaintiff was not responsible for the negligence of the City of Paris, and since the Defendant insurance company was insuring only the Plaintiff, there was no liability on the policy.

It results that the judgment is affirmed at the cost of the Plaintiff in Error.

All concur.