I. S. Butler, d/b/a Butler Construction Company *v.*
United States Fidelity & Guaranty Company.

(*Jackson,* April Term, 1954.)

Petition filed March 11, 1955.

Rehearing denied April 7, 1955.

Eulyse M. Smith and J. Granville Farrar, both of
Memphis, for complainant.

O. W. Wells and Charles L. Neely, both of Memphis,
for defendant.

Mr. Justice Swepston delivered the opinion of the Court.

This appeal is here complaining of the action of the Chancellor in sustaining the demurrer filed to the original bill. The question for consideration is whether or not the complainant, a general contractor, was covered by an insurance policy issued by the appellee with respect to the matters herein to be referred to.

The original bill averred that appellant is largely engaged in repairs and maintenance of residences and commercial property; that the defendant issued to him its schedule liability policy (Manufacturers or Contractors form) as a general contractor, which insured him against hazards set forth in Division 1—"Premises—Operations"; while said policy was in force and effect he contracted with Oscar Kaplan to, and he did, make certain repairs and improvements on a residence at 368-70 Crematory Alley in Memphis; in addition to the contract to repair, he agreed to keep and maintain said repairs in proper condition for a period of one year thereafter; after said repairs were made, Ethel Anderson, an oc-

cupant of the premises, fell from the porch thereof when a banister gave way that had been repaired and thereafter she sued him along with Kaplan, claiming that the repairs were negligently made; he notified the insurance company that claim was being made against him by reason of same and was advised by appellee that it could not undertake to adjust or defend said suit and refused to do so; it was necessary for him to employ counsel, which he did and successfully defended the suit, and in so doing became indebted to his attorney for $1,000 for services rendered; he is entitled to collect the statutory penalty of 25%.

The only ground of the demurrer that is now material is that the declaration does not show that the injury occurred while any work was being performed on the insured premises but shows that the injury occurred after the repairs had been completed.

The general form of the policy is the same as that involved in *Foster Trailer Co.* v. *United States Fidelity & Guaranty Co.*, 190 Tenn. 181, 228 S. W. (2d) 107, but the addenda to the first division of the definition of hazards is different.

The policy exhibited with the declaration is a "Manufacturers or Contractors Schedule Liability Policy." The schedule covers "Hazards" split into six divisions, viz.: (1) Premises—Operations; (2) Elevators; (3) Products; (4) Teams; (5) Contractual; (6) Independent Contractors.

According to the insurance contract, the coverage was limited expressly to those divisions of hazards for which a specific premium was paid. On the present policy plaintiff paid a premium for and was insured against liability for personal injury in a maximum amount of $10,000 for

any one person, and $20,000 for any one accident only under the following:

"Definition of Hazards:

Division 1. Premises—Operations:

The ownership, maintenance or use of the premises, and all operations during the policy period which are necessary or incidental thereto."

Under "Declarations" at the beginning of the policy the location of the premises insured is given as "2824 Crest Avenue, Memphis, Shelby County, Tennessee," and the business as that of general contractor. Under the Rider or Addenda to Hazard No. 1, pertinent to this inquiry is the following:

"Carpentry in the construction of detached private residences for occupancy by one or two families, including installation of interior trim, builders' finish, cabinet work and the construction of private garages in connection with such structures,"

with the amount of premium deposit being $14.

Division 3. Products.—It is provided:

"The handling or use of or the existence of any condition in goods or products manufactured, sold, handled or distributed by the Named Insured, if the accident occurs after the insured has relinquished possession thereof to others and away from the premises owned, rented or controlled by the insured; and operations covered under Divisions 1 and 6 of the Definition of Hazards, other than pick-up and delivery and the existence of tools, uninstalled equipment and abandoned or unused materials, if the accident occurs after such operations have been completed or abandoned at the place of occurrence thereof and away from such premises."

Under the head of "Exclusions" it is provided:

"This policy does not apply: * * * (d) under Divisions 1 and 6 of the Definition of Hazards, to liability with respect to which insurance is or can be afforded under Division 3 of the Definition of Hazards; or to operations on or from other premises which are owned, rented or controlled by the Insured."

It is insisted by the appellant that the premises where the accident occurred and the work was done was covered by the policy, and the appellee agrees that the premises was covered provided the work was in progress and had not been completed.

Second: Appellant contends that in the absence of a contract with the owner of the property for maintenance for one year he was adequately covered under Hazard No. 1: "Premises—Operations," even though the operations had terminated, if the work was done defectively and not according to contract. He relies chiefly for this insistence on *Daniel* v. *New Amsterdam Casualty Co.,* 221 N. C. 75, 18 S. E. (2d) 819, 820.

We must overrule this insistence because this case was referred to in *Foster Trailer Co.* v. *United States Fidelity & Guaranty Co.,* supra, and disapproved, the Court being of opinion that the correct rule is stated in *Baker* v. *Maryland Cas. Co.,* 73 R. I. 411, 56 A. (2d) 920, and other cases referred to on page 185 of 190 Tenn., on page 109 of 228 S. W. (2d). In those cases, it will be observed, no contract with the owner for maintenance was involved, and it was held that coverage under Hazard No. 1 ceases when the operations have been completed, even though the contractor has omitted or altogether failed to perform some substantial requirement of the contract, the performance of which the owner still has a right to demand.

Appellant relies also upon *Larsen* v. *General Cas. Co.,*

D. C. Minn., 99 F. Supp. 300, in which case Larsen contracted with Clinite to clean, repair and service a furnace and oil burner; Larsen cleaned same but negligently reassembled the connection between the furnace door and the oil burner. Before the contract which included the inspection and servicing of the oil burner was completed and while Larsen was not actively engaged in work on Clinite's premises, Clinite happened to turn on the furnace to test it during the summer and a fire occurred as the result of this faulty connection. In holding that the contract had not been completed the Court distinguished the cases cited on page 185 of 190 Tenn., on page 109 of 228 S. W. (2d) of Foster Trailer Co., supra, and the case of *Smith* v. *United States Fidelity & Guaranty Co.*, 142 Neb. 321, 6 N. W. (2d) 81, by stating that in each of those cases the entire work agreed to be performed and intended by the contractor to be performed, had been completed, whereas in this case Larsen intended to return later and perform the balance of the contract by inspecting and servicing the oil burner.

We think this Larsen case is of no comfort to appellant and is consistent with the rule of the cases referred to in that opinion. Everyday experience shows that on many jobs there are interruptions in work when there are no workmen nor any tools nor any materials left on the premises but the workmen intend to return and eventually do complete the job, whether perfectly or imperfectly. Under such circumstances it is only reasonable to say that during the interim the job has not been completed and has not been abandoned.

Third: The appellant insists that the work had not been completed because the contractor had obligated himself to maintain the premises in repair for one year.

We have no doubt that if under this contract the. contractor had returned to. the premises to do some work under his obligation to maintain the premises, even though no one of the contractor's workmen was on. the premises at the time of the accident, or there was a temporary interruption in the work, the insurance coverage under Hazard No. 1 would apply. The declaration, however, does not allege such circumstances, but to the contrary, alleges that the repairs which had already been completed were negligently made. Hence, the facts fall within the rule above announced and approved in the Foster Trailer case.

Being of opinion, therefore, that there was no coverage under Hazard No. 1 for this accident, we find it unnecessary to discuss the phase of "Products—Hazard No. 3."

The decree of the Chancellor is affirmed with costs.