[Sac. No. 4025. Department One.—August 20, 1928.]

ELIZABETH MILLS, Respondent, v. ROYAL G. BROWN et al., Defendants; ADDIE I. TRYON, Defendant and Appellant.

Ira S. Lillick for Appellant.

A. B. Reynolds and George E. McCutcheon for Respondent.

PRESTON, J.—Appeal by defendant Addie I. Tryon from an order refusing to change the place of trial from the county of Sacramento to the city and county of San Francisco. She supports her demand by an affidavit of merits containing the averment that she is a resident of the city and county of San Francisco. Defendant E. H. Tryon consented to the making of said application by his co-defendant. The defendant Brown did not appear in this proceeding.

Briefly, the facts are that on the first day of October, 1925, defendant Royal G. Brown, a resident of the county of Sacramento, gave to plaintiff his promissory note in the sum of $5,647.50, and at the same time executed to her a chattel mortgage upon some 2,000 head of sheep; also the increase thereof and the wool grown upon them. The maturity date of the note was October 1, 1926. Two provisions of said mortgage were: First, it covenanted that the mortgagor would properly care for the animals and would not sell the same or any number thereof nor any of the increase thereof nor any of the wool grown upon them without the written consent of the mortgagee; and, second, that in case of default in any of the covenants or conditions thereof, said note, together with interest accrued thereon and all other indebtedness secured by said mortgage, should immediately become due and payable, and said mortgagee

"is hereby empowered to enter into the possession of the mortgaged property, may remove, sell and dispose of said property. . . . "

In addition to pleading said note and mortgage, and the amount due thereon, the complaint alleged that on or about April 1, 1926, defendants above named wrongfully took, carried away, and converted to their own use and benefit all of the wool produced and grown on said sheep so mortgaged by said defendant Royal G. Brown to plaintiff.

It is too clear for controversy that the foregoing facts authorize the maintenance of a suit by the plaintiff against defendant Brown as well as the other defendants named (*Mathew* v. *Mathew,* 138 Cal. 334, 336 [71 Pac. 344]). It is also clear that the plaintiff cannot secure the full relief demanded without the presence of the defendant Brown, who is a resident of the county of Sacramento; hence, under the provisions of section 395 of the Code of Civil Procedure, the venue is properly laid at Sacramento County (*McClung* v. *Watt,* 190 Cal. 155, 158 [211 Pac. 17]. See, also, *Quint* v. *Dimond,* 135 Cal. 572 [67 Pac. 1034], and *Hellman* v. *Logan,* 148 Cal. 58 [82 Pac. 848]).

■ Appellant, in a further attempt to show that a cause of action cannot be stated against defendant Brown, seeks to invoke section 726 of the Code of Civil Procedure, which provides: "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter. . . , " This provision has no application whatever to the facts of this case. The action before us is not an action upon the debt, but, on the contrary, is an action to protect the value of the security given. If plaintiff should be forced to foreclose the mortgage upon the remaining portion of the property covered thereby before she could secure any other relief, she might thereby lose altogether the value of the property converted and upon which the defendants had destroyed her lien.

The case of *Mathew* v. *Mathew, supra,* is a suit by a chattel mortgagee against the mortgagor for conversion of the property, and while there is no mention of section 726, apparently it is thereby intended to hold that said section does not interfere with the rule therein announced. In fact, the

holding we here make has been clearly foreshadowed a number of times. *Bank of Ukiah* v. *Moore,* 106 Cal. 673 [39 Pac. 1071], was a case where the mortgagee was not given the right of possession and the debt secured by the mortgage had not matured; nevertheless, relief by injunction against waste and conversion by the mortgagor was given. In *Harper* v. *Gordon,* 128 Cal. 489 [61 Pac. 84], it was held that where a chattel mortgage contained a special contract allowing the mortgagee to take possession of the mortgaged chattels after default, such contract might be enforced after default by an action of replevin, the court expressly holding that section 726 of the Code of Civil Procedure did not apply to that case. To the same effect, see *Flynn* v. *Ferry,* 127 Cal. 648 [60 Pac. 434], and many other cases. No possible reason exists why a writ of replevin against the mortgagor should be allowed in such a case and an action in conversion be denied. Each action is incidental to the mortgage and, as above announced, each is for the protection of the security given.

The complaint in this action is apparently an effort made in good faith to charge all of the defendants as joint tort-feasors with the conversion of a part of the property upon which plaintiff has a mortgage lien. If there be any defects in it they are not such as are available to appellant upon a proceeding of this character. The rule in that behalf is also found in *McClung* v. *Watt, supra,* at page 161 [211 Pac. 20], as follows: "It is enough, however, upon the hearing and determination of the demand for a change of venue, that the cause of action purported to be stated against the corporation defendant was apparently pleaded in good faith and is not, *prima facie,* so glaringly and vitally defective as to be beyond correction by amendment."

The order appealed from is affirmed.

Curtis, J., and Seawell, J., concurred.