[S. F. No. 14850.   In Bank.—October 16, 1933.]

O. V. FREEMAN, Respondent, v. J. A. DOWLING, Appellant.

M. Weber for Appellant.

Lakin & Leve for Respondent.

THOMPSON, J.—The plaintiff filed a complaint in the county of Santa Clara joining as defendants the city of Palo Alto and its administrative officers, and the appealing defendant, J. A. Dowling, who is a resident of the city and county of San Francisco. Dowling moved for a change of venue upon the ground of such residence. The motion for a change of the place of trial was twice denied by the Superior Court of Santa Clara County and this appeal is from the orders so entered.

According to the facts as set forth in the complaint the respondent entered into a street improvement contract with the city of Palo Alto and its superintendent of streets. Thereafter respondent entered into a partnership with the appellant Dowling, who was to finance the work and who was to receive sixty per cent of the profits resulting therefrom. The respondent agreed to superintend the improvement work, furnish necessary equipment, etc., and accept forty per cent of the profits. It is further alleged that the contract has been completed; that the city and its officers have on hand approximately $22,000 in street improvement bonds and approximately $6,000 in cash with which to pay the balance due for the work; that there are outstanding unpaid bills for labor performed and materials furnished amounting to $3,620.37, and that, in addition, respondent has paid bills on behalf of the copartnership for labor performed and materials used in said work of improvement in the sum of $1,091.67, which Dowling has refused to pay as provided by the partnership agreement. Also it is averred that all of the records and books and accounts of the partnership are in Dowling's possession and respondent is unable to ascertain the amount of the profits. The prayer of the complaint is for a dissolution of the partnership; for an accounting and that an "injunction be granted restraining said defendant, J. A. Dowling from accepting, and restraining said defendants, City of Palo Alto, J. F. Byxbee,

Superintendent of Streets of said City, the City Clerk, City Auditor, and City Treasurer of said city from paying said defendant J. A. Dowling until the final determination of this action, any bonds, cash or other property''; and that after all just debts, claims and liabilities of the copartnership are paid the profits be divided in accordance with the partnership agreement.

A temporary restraining order issued and upon the hearing of an order to show cause, no objections appearing, an injunction *pendente lite* issued and was served on the defendants, which enjoined Dowling from accepting and the other defendants from paying over or delivering to Dowling, or to any person or persons in his behalf, any bonds, moneys or other property in their hands or under their control.

The appellant filed his demand, supported by an affidavit of merits, for change of venue on the ground that he was a resident of the city and county of San Francisco; that the complaint fails to state a cause of action against the defendants ''City of Palo Alto, a municipal corporation; J. F. Byxbee, Superintendent of Streets of said city; City Clerk, City Auditor, and City Treasurer of said City'', who constitute the defendants other than the appellant; and that they are unnecessary parties and were joined for the sole purpose of maintaining the jurisdiction in Santa Clara County.

The respondent filed a counter-affidavit and, after hearing, the motion was denied. The court thereafter permitted the motion for change of venue to be renewed and notice was again given upon the same grounds as the first motion and again the motion was denied.

The action, as disclosed by the complaint, is equitable in nature and a court of equity assumed jurisdiction and issued an injunction therein which is still in force. It sufficiently appears that Dowling is a resident of the city and county of San Francisco and the other defendants residents of Santa Clara County; that the action is transitory and the place of trial would be controlled by section 395 of the Code of Civil Procedure if appellant's contention, that the complaint does not state a cause of action against the other defendants and that they are unnecessary parties and joined solely for the purpose of having the action tried where they reside, be upheld.

Upon a motion for a change of venue, however, if the allegations do no more "than shadow forth the semblance of a cause of action" they are "proof against assault upon the ground that they" are "sham and frivolous". (*McClung* v. *Watt*, 190 Cal. 155 [211 Pac. 17].) The more recent case of *Mills* v. *Brown*, 205 Cal. 38, 41 [269 Pac. 636], quotes with approval from the McClung case as follows: "It is enough, however, upon the hearing and determination of the demand for a change of venue, that the cause of action purported to be stated against the corporation defendant was apparently pleaded in good faith and is not, *prima facie*, so glaringly and vitally defective as to be beyond correction by amendment." As applicable to the present situation we quote from the same case at page 40: "It is too clear for controversy that the foregoing facts authorize the maintenance of a suit by the plaintiff against defendant Brown as well as the other defendants named (*Mathew* v. *Mathew*, 138 Cal. 334, 336 [71 Pac. 344]). It is also clear that the plaintiff cannot secure the full relief demanded without the presence of the defendant Brown, who is a resident of the county of Sacramento; hence, under the provisions of section 395 of the Code of Civil Procedure, the venue is properly laid at Sacramento County (*McClung* v. *Watt*, 190 Cal. 155, 158 [211 Pac. 17]. See, also, *Quint* v. *Dimond*, 135 Cal. 572 [67 Pac. 1034], and *Hellman* v. *Logan*, 148 Cal. 58 [82 Pac. 848])."

While it is true that the complaint is inartificially drawn, it may not be said that the respondent has not asked for equitable relief against the defendants other than appellant and that he could obtain all the relief he demands without making them parties. Section 379 of the Code of Civil Procedure provides that "any person may be made a defendant . . . who is a necessary party to a complete determination, or settlement of the question involved therein . . . ", section 379a adds "all persons . . . against whom the right to any relief is alleged to exist . . . ", and section 379b says: "It shall not be necessary that each defendant shall be interested as to all relief prayed for." We do not agree with appellant's assumption that the action is entirely one for an accounting as between respondent and appellant Dowling. The accounting is but incidental to a determination of the rights of the plaintiff which may suffer serious detri-

ment and involve plaintiff in a liability to the city and his bondsmen and possible financial loss, and therefore, in order to render full and complete relief and prevent possible multiplicity of suits, the city of Palo Alto and its officers who are defendants are necessary parties to a complete determination of the issues over which the court has jurisdiction. It is helpful to note that, while by section 1184 of the Code of Civil Procedure the materialmen and laborers may give to the city a notice to withhold the amount of their claims, such right is not accorded the respondent— who was the contractor. He and the city are both interested in having the fund applied to the extinguishment of the obligations. Thus the case is distinguished from *Sayward* v. *Houghton*, 82 Cal. 628 [23 Pac. 120]. As said in *Hellman* v. *Logan*, 148 Cal. 58, 60 [82 Pac. 848]: "The fact that the plaintiffs might have maintained an action for a part of the relief to which they were entitled, and that in an action for such limited relief no person except Logan could properly be made a defendant, would not justify a change of venue of the action which they have stated in the complaint. The test is to be made by ascertaining who are necessary parties to the action as it is set forth in the complaint, and what parties are necessary in order to enable the plaintiffs to obtain all the relief which is properly included in the prayer for relief made therein. (*Greenleaf* v. *Jacks*, 133 Cal. 506 [65 Pac. 1039]; *Quint* v. *Dimond*, 135 Cal. 572 [67 Pac. 1034].)"

It is settled law in this state that where it appears that both resident and nonresident defendants are necessary parties, a change of venue will not be granted upon demand of the nonresident defendant. The appellant must therefore rely entirely upon making it satisfactorily appear that the other defendants are not necessary parties, that no cause of action is stated as against them, and that no relief whatever may be awarded against them. Not having made it so appear upon the motion for a change of venue the orders should be, and they are, affirmed.

Curtis, J., Langdon, J., Preston, J., Seawell, J., and Waste, C. J., concurred.