## ZEHNDER v. MICHAUD.

No. 12914.

Circuit Court of Appeals, Eighth Circuit.

Dec. 14, 1944.

John C. Zehnder, of St. Paul, Minn., for appellant.

Bryce E. Lehmann, of St. Paul, Minn., for appellee.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from an order of the district court affirming an order of the referee in bankruptcy which construed a contract for a deed to appellee executed by the bankrupt and her sister, a co-owner of the land described in the contract.

The contract, dated April 4, 1939, provided that the vendors agreed to sell and convey to the appellee certain tracts of land in Washington County, Minnesota, for the purchase price of $2,150 to be paid "in manner and at times following, to-wit:

"Three Hundred Thirty-Two ($332.00) Dollars at the time of the signing of this

contract, the receipt of which is hereby acknowledged, and the balance as follows: One Hundred Twenty ($120.00) Dollars on or before December 31st, 1939, and One Hundred Twenty ($120.00) Dollars on each and every December 31st thereafter until paid, and the said parties of the second part shall pay on said December 31st, 1939, and on each and every payment day thereafter interest on the unpaid balance of the purchase price at the rate of 5% per annum, and the parties of the second part shall receive credit on the purchase price of Twenty ($20.00) Dollars a month for each month they furnish room and board to John Daly, brother of the parties of the first part."

It is undisputed that the vendee made the down payment of $332 when the contract was executed and that he furnished board and room to John Daly, brother of the vendors, in the amounts and during the years as follows: 1939, $150; 1940, $120; 1941, $140; 1942, $120; and that after deducting such payments from the purchase price on December 31st in each year the interest was computed and paid on the remaining balance. In this way the $120 payment due on the purchase price each year was liquidated by crediting the amount due for the board and room of John Daly.

Subsequent to the execution of the contract Elizabeth B. Ferretti, one of the vendors, was adjudicated a bankrupt, and the trustee of her estate contends that the contract requires that the annual payment of $120 must be made in cash; that no cash having been paid for the four years 1939–1942, inclusive, there is a default in the amount of $600; and that in accordance with a provision of the contract he has declared a default.

Upon petition of the vendee to construe the contract, the referee found that the contract in the part quoted is ambiguous and upon the hearing he received, over the objection of the trustee, evidence of the intent of the parties thereto and as to the construction placed upon the contract by the parties shown by their conduct subsequent to its execution. He concluded from such testimony and from the language of the contract that "it was intended by all the parties thereto that all credits from time to time due" the vendee for board and room furnished John Daly "should be credited to and in part or full satisfaction of the yearly payments stipulated to be made."

The trustee contends that the language of the contract is neither ambiguous nor doubtful; that the contract clearly and definitely provides for annual *cash* payments of $120 each and in addition thereto for a credit on the balance of the purchase price of $20 a month for each month that board and room is furnished to John Daly; and that the referee erred in receiving and considering testimony of the parties as to their intent and subsequent conduct.

It is apparent upon reading the quoted provision of the contract that reasonable persons might not agree in regard to whether charges for board and room furnished to John Daly by the vendee should be applied on the $120 annual payments required to be made, or to the unpaid balance of the purchase price only. However, the contract does not provide expressly, as claimed by appellant, that the annual payments must be made in *cash,* and that credits for board and room may be applied only to the remaining unpaid balance. The language used permits the discharge of the obligation of the contract to pay the purchase price by applying the credit for board and room, either as contended by the trustee or as was done by the parties for four successive years. The contract was, therefore, ambiguous, and the court did not err in receiving evidence to determine the intent of the parties. A contract is ambiguous when it is susceptible of two different meanings. 17 C.J.S., Contracts, § 294. The sole object of construction is to arrive at the intention of the parties. S. S. Kresge Co. v. Sears, 1 Cir., 87 F.2d 135, 138. When a contract is found to be ambiguous evidence of extrinsic circumstances may be received to show that the parties themselves have adopted a permissible method of applying its terms to the subject matter. Wilmot v. Minneapolis Automobile Trade Ass'n, 169 Minn. 140, 210 N.W. 861.

Here it is clear that the referee did not err in receiving evidence showing the intent of the parties as disclosed by their purpose when the contract was executed and by the construction they placed upon the disputed clause during four years. It is also clear that the referee and the court correctly construed the language of the contract in the light of such evidence.

The order appealed from is, therefore, affirmed.