[Civ. No. 17501. Second Dist., Div. Three. Dec. 1, 1950.]

ELLIS WHITE, Respondent, v. KAISER-FRAZER CORPORATION (a Corporation) et al., Defendants; HENRY J. KAISER, Appellant.

Thelen, Marrin, Johnson & Bridges and Samuel S. Gill for Appellant.

Herzbrun & Chantry, Allen M. Singer and David Mellinkoff for Respondent.

VALLÉE, J.—Appeal from an order denying a motion for a change of venue from the county of Los Angeles to the county of Alameda.

The verified complaint, filed September 6, 1949, named as defendants Kaiser-Frazer Corporation, a corporation, Henry J. Kaiser, Henry J. Kaiser Motors, a corporation, Kaiser-Frazer Sales Corporation, a corporation, H. V. Lindbergh, Dean Hammond and Robert Rice. The first count alleged that plaintiff invented a plan, system and series of integrated and connected devices for the construction and operation of a dual-purpose automobile body; "that heretofore" he submitted his invention and plans "to defendants and each of them at said defendants' special instance and request" for the sole purpose of having them determine whether they, or any of them, desired to purchase, or license the right to use, the invention and plans, or any thereof; that the submission was pursuant to an oral agreement that if defendants, or any of them, desired to use the invention or plans, or any thereof, they would first obtain plaintiff's permission and come to an agreement with him as to the terms and conditions under which he would sell or license the right to use the invention and plans; in the event such an agreement was not made, the invention and plans would not be used by defendants and would remain inviolate and would be returned to plaintiff. No agreement was ever made for the sale or licensing of the invention, and the plans were never returned to plaintiff. Commencing in April, 1949, defendants, and each of them, have manufactured, sold and exploited automobiles embodying and using plaintiff's invention and plans without plaintiff's knowledge, authority or consent. The invention and plans are new, novel and original. Plaintiff has been damaged in the sum of $5,000,000.

The second count alleged that the invention and plans were submitted to defendants, and each of them, pursuant to an implied agreement that if they used them, or any part thereof, they would pay plaintiff the reasonable value of such use; that if they did not use them, the invention and plans would remain inviolate. The reasonable value of the unauthorized use was alleged to be the same amount.

The third count alleged that defendants, and each of them, have realized and kept large profits from the use of the invention and plans, the amount of which is unknown to plaintiff, for which an accounting is necessary; and, upon information and belief, that defendants will continue to use the invention and plans.

The prayer was for damages, an accounting, and an injunction restraining use of the invention and plans.

The motion was made by defendant Henry J. Kaiser on the ground that at the time of the commencement of the action none of the defendants resided, or had its principal place of business, in the county of Los Angeles, except Kaiser-Frazer Sales Corporation; that "KAISER-FRAZER SALES CORPORATION was not in existence and had not qualified to do and was not doing business in the State of California at the time when the plaintiff allegedly entered into an agreement or agreements with defendants, or at the time when plaintiff allegedly submitted his 'invention' and 'plans' to defendants, as set forth in the complaint herein"; that Kaiser-Frazer Sales Corporation was named as a defendant solely for the purpose of procuring the trial of the action in the county of Los Angeles, and that Henry J. Kaiser, at all pertinent times, was a resident of the county of Alameda.

At the hearing of the motion it appeared without contradiction that Henry J. Kaiser was, at all pertinent times, a resident of the county of Alameda; that Kaiser-Frazer Sales Corporation was not organized as a corporation until. May 10, 1946, when it was organized under the laws of Michigan; that it was authorized to do business in California for the first time on November 17, 1947, and that its principal place of business is in the county of Los Angeles, California. An affidavit of one of the attorneys for appellant stated that plaintiff, in a deposition taken after the commencement of the action, testified that he had met with "the defendants" only once, on March 8, 1946, for the purpose of submitting the invention and plans to the defendants. An affidavit filed in opposition to the motion stated that "Kaiser-Frazer Sales Corporation is actively engaged in the exploitation and sale of the vehicles which infringe upon and violate the rights of ownership of the plaintiff in the invention and the plans, which are the basis of this action." This statement was not contradicted, nor were any of the allegations of the complaint denied, except such as may be inferred from the affidavit with respect to the testimony of the plaintiff on the taking of his deposition.

The proper place of trial of this action is the county in which the defendants, or some of them, resided at the commencement of the action. (Code Civ. Proc., § 395.) If any person has been made a defendant solely for the purpose of having the action tried in the county where he resides, his residence must not be considered in determining the place of trial of the action. (*Idem.*) Where both resident and nonresident defendants are necessary parties, a change of venue will not be granted upon demand of the nonresident defendant. (*Freeman* v. *Dowling*, 219 Cal. 213, 217 [25 P.2d 980].) "The test is to be made by ascertaining who are necessary parties to the action as it is set forth in the complaint, and what parties are necessary in order to enable the plaintiffs to obtain *all* the relief which is properly included in the prayer for relief made therein." (*Freeman* v. *Dowling, supra*, p. 217. Italics added.) In determining a motion for a change of venue, the court must accept as true the material allegations of the complaint which are not controverted. (*Peterson* v. *Sherman*, 68 Cal.App.2d 706, 711 [157 P.2d 863]; *Lachman Co.* v. *Central Cal. Berry Growers' Assn.*, 58 Cal. App. 748, 752 [209 P. 379].) The verified complaint is an affidavit or evidence proper to be considered in opposition to the motion (*Goes* v. *Perry,* 18 Cal.2d 373, 378 [115 P.2d 441]; *Atwater* v. *Argonne Van & Storage Co.*, 74 Cal.App.2d 410, 412 [168 P.2d 776]), and, on appeal from an order denying a motion for a change, is deemed to establish all facts therein stated and which reasonably may be inferred from those stated. (*Brainard* v. *Brainard*, 82 Cal.App.2d 478, 480 [186 P.2d 990].) Upon a motion for change of venue, the court should not try disputed issues of fact going to the merits of the cause, upon the conflicting affidavits, in order to determine whether or not a cause of action does in reality exist against the resident defendant. (*California Collection Agency* v. *Fontana*, 61 Cal.App.2d 648, 653 [143 P.2d 507].) The real issue for determination of the trial court was whether plaintiff, in joining the resident party as a defendant, had reasonable grounds for the belief that he had a cause of action against the resident defendant. (*California Collection Agency* v. *Fontana*, 61 Cal.App.2d 648, 653 [143 P.2d 507].)

Appellant argues that the first and second counts of the complaint alleged causes of action for breach of contract; that it appeared without conflict that the contracts alleged were made on March 8, 1946, the day it was averred plaintiff testified the invention and plans were submitted; that Kaiser-

Frazer Sales Corporation could not have been a party to the contracts because it was not then in existence; that, therefore, neither the first nor the second count states a cause of action against that defendant; that even if the third count states a cause of action against Kaiser-Frazer Sales Corporation (he appears to concede that it does), he is entitled to a change of venue. He says the rule is that if there is one count on which a defendant is entitled to a change, he is entitled to the change no matter how many other counts may be set forth in which he is not entitled to the change. Appellant concedes that plaintiff "has included in his complaint three causes of action relating to an alleged improper exploitation of his invention."

The question in the present case is not purely one of law; it was one of fact for the trial court. In the absence of a showing of an abuse of discretion, we cannot disturb its determination. It is not necessary to determine what the rule may be where a defendant is entitled to a change of venue on one count of a complaint and is not entitled to a change on another count. We think appellant's construction of the three counts of the complaint is too narrow. He was not entitled to a change on any count. Under the allegations of each count, plaintiff had an exclusive ownership in his invention and plans "which continues so long as the invention or design and the representations or expressions thereof made by him remain in his possession." (Civ. Code, § 980(b).) Under the allegations of counts one and two plaintiff could prove that the invention and plans were submitted after the creation of Kaiser-Frazer Sales Corporation. The fact that an affidavit of Gordon Johnson, one of the appellant's attorneys, stated that plaintiff on his deposition testified "that he had met with 'the defendants' only once for the purpose of submitting the 'plans' and the 'invention,'" on March 8, 1946, merely created a conflict in the evidence for resolution by the trial judge. Further, an affidavit of one of plaintiff's attorneys stated that "at the taking of said deposition the plaintiff testified that to the best of his recollection, the plans and the invention were submitted by him to the defendants at a meeting which occurred on March 8, 1946; that the plaintiff at the taking of said deposition, did not testify that he had never at any other time, or any other place, 'entered into any agreement, *expressed or implied*, with the defendant or any of them' as asserted in the aforesaid affidavit of the said Gordon Johnson, Esq." The court reasonably could have inferred from counts one and two that the invention and plans

were submitted after the creation of Kaiser-Frazer Sales Corporation.

There are other conclusions which the court could have drawn from the record before it. The complaint alleged that Kaiser-Frazer Corporation and Henry J. Kaiser Motors are corporations doing business in California. An uncontradicted affidavit stated that Henry J. Kaiser is the chairman of the board of directors of Kaiser-Frazer Corporation, is president of Henry J. Kaiser Motors, and is one of the directors of Kaiser-Frazer Sales Corporation. An affidavit of Henry J. Kaiser averred that he "has fully and fairly stated the case in this action and all facts and circumstances therewith connected, so far as the same are within his knowledge," to his counsel. Civil Code, section 1589, provides that "A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting." A corporation is liable as a party to a contract entered into by its promoters before it comes into existence, if it knowingly accepts the benefits of the contract. (*Scadden Flat G. M. Co.* v. *Scadden,* 121 Cal. 33, 38 [53 P. 440].) Under the allegations of counts one and two plaintiff could prove that Kaiser-Frazer Corporation, Henry J. Kaiser Motors, and Henry J. Kaiser, or any two or any one of them, were the promoters of Kaiser-Frazer Sales Corporation, and that the latter knowingly accepted the benefits of the contracts and became liable as a party. Plaintiff also could prove under the allegations of counts one and two that Kaiser-Frazer Sales Corporation voluntarily accepted the benefits of the contracts and came within the provision of section 1589 of the Civil Code.

Applying the test stated above, the trial judge was warranted in concluding that Kaiser-Frazer Sales Corporation is a necessary party defendant as to each count in order to enable plaintiff to obtain all the relief which he seeks; and that, in joining that defendant in each count, plaintiff had reasonable grounds for the belief that, as to each count, he had a cause of action against the resident defendant.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.