UNITED PACKINGHOUSE WORKERS of America, a labor organization affiliated with A.F.L.-C.I.O., Appellant,

v.

MAURER–NEUER, INC., a Kansas corporation, Appellee.

No. 6120.

United States Court of Appeals
Tenth Circuit.

Nov. 14, 1959.

Richard Watt, of Cotton, Fruchtman & Watt, Chicago, Ill. (Eugene Cotton, Chicago, Ill., Charles A. Graham of Graham & Scheunemann, Denver, Colo., James H. Barnes, Kansas City, Kan., and Lee J. Vickman, Chicago, Ill., with him on the brief), for appellant.

Richard R. Rock of Theis & Rock, Arkansas City, Kan. (David W. Carson and Jack K. Dear, of Carson & Dear, Kansas City, Kan., with him on the brief), for appellee.

Before PHILLIPS, HUXMAN and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Maurer-Neuer, Inc., a Kansas corporation, brought this action under Section 301(a) of The Labor Management Relations Act of 1947, (29 U.S.C.A. § 185 (a)), against United Packinghouse Workers of America, a labor organization affiliated with A.F.L.-C.I.O., and its Local No. 36, to recover damages for breach of a no-strike provision in a collective bargaining agreement. Alleging that the contract showed on its face that it was signed by U.P.W.A. as agent for Local No. 36 and not as principal, U.P.W.A. moved to dismiss on the ground that the court lacked jurisdiction under Section 301(a). This appeal from the order overruling the motion was allowed

under the provisions of the Interlocutory Appeals Act, 28 U.S.C.A. § 1292(b).

The complaint alleges that the plaintiff is engaged in the meat packing business in Kansas City, Kansas and that its employees are members of and represented by the defendant unions; that a collective bargaining agreement was executed with plaintiff by the defendant unions as joint principals; that the unions refused to arbitrate as required by the contract and refused to allow or permit their members to return to work for plaintiff; that they allowed, set up and operated picket lines on and about plaintiff's property; and that the defendant unions, through their officers and representatives, permitted, ratified and encouraged a strike of the employees followed by illegal picketing and promoted the strike by the payment of strike benefits, in violation of the contract provisions and to plaintiff's damage.

The introductory clause to the contract reads:

"Agreement between Maurer-Neuer, Inc. and United Packinghouse Workers of America, A.F.L.-C.I.O. For And On Behalf Of Local Union No. 36."

The contract was signed "United Packinghouse Workers of America, C.I.O., for and on behalf of Local Union No. 36." The contract indicates that it was approved by the President, Secretary-Treasurer, and District Director Representative of U.P.W.A., and also by a Local Union Committee. The U.P.W.A. contends that the description of the parties in the contract, together with the signatures, clearly and unambiguously shows that it was acting as agent for Local No. 36 in negotiating the contract, and was not a principal.

 Agency is a fiduciary relationship whereby one person is authorized to represent or act for another, generally or in particular matters. The principal has the right to control the conduct of the agent as to matters entrusted to him. Restatement, Second, Agency, §§ 1, 14; Wasilowski v. Park Bridge Corp., 2 Cir.,

156 F.2d 612; Kelly v. United States Steel Corp., D.C.W.D.Pa., 170 F.Supp. 649; Schenstrom v. Continental Machines, D.C.Minn., 85 F.Supp. 374. The law is well settled that if an integrated contract, by unambiguous language, makes it clear that a signer is acting in a representative capacity for a disclosed principal, he is not a party to the contract. Restatement, Second, Agency, §§ 156, 157; Whitney v. Wyman, 101 U.S. 392, 25 L.Ed. 1050; Shilman v. United States, 2 Cir., 164 F.2d 649, certiorari denied, 333 U.S. 837, 68 S.Ct. 608, 92 L. Ed. 1122; Thomas v. Gonzelas, Wyo., 331 P.2d 832. An agent is not bound by a contract executed for a principal if he acted within his authority. Williston, Rev.Ed., Vol. I, § 281; Restatement, Second, Agency, § 320. But the use of the word "agent" in connection with the signature of the signer does not of itself prevent the inference that he is a party to the instrument. Restatement, Second, Agency, § 156; Russello v. Mori, 153 Cal. App.2d 828, 315 P.2d 343; Bissonnette v. Keyes, 319 Mass. 134, 64 N.E.2d 926. If the unambiguous language of a contract does not show whether a party signed as a principal or as an agent, extrinsic evidence may be introduced to show the intention of the parties. Restatement, Second, Agency, § 323(2); Brown v. Prince, 10 Cir., 161 F.2d 537; Annotation 113 A.L.R. 1364, 1382. Usually an ambiguity is said to exist when from a consideration of the entire instrument the meaning of the controverted words is capable of more than one conclusion. That is, the meaning of the expression is uncertain. Black's Law Dictionary, p. 105; 3 Words and Phrases, Ambiguity p. 436; 20 Am.Jur., Evidence, § 1147; Zehnder v. Michaud, 8 Cir., 145 F.2d 713; Buchanan v. Swift, 7 Cir., 130 F.2d 483.

■ Collective bargaining agreements are unique in character and a field unto themselves. They are, of course, binding and enforceable as to all parties to them. Their principal objectives are to effect better working conditions for employees and to achieve industrial peace between employers and employees. See Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972; Local 1912, International Ass'n of Machinists v. United States Potash Co., 10 Cir., 270 F.2d 496. As in this case, there are national unions representing the employees in particular industries and crafts throughout the nation, regardless of who the employers are or where they are located. Local unions affiliated with a national or parent association are usually the bargaining representatives of the employees of a local employer. The contracts made by a national union for the employees of one employer are not necessarily the same as those which may be entered into for employees of different employers in the same industry. However, all members of the local unions are also members of the parent organization. The purpose and interest of both the local and parent organizations are the same. The only difference is that the activities of the national are directed toward the members of all of its locals. In some instances, benefits, including wages, may be controlled by a national policy.[1] U.P.W.A. negotiated the contract in question for the benefit of a particular group of its members, that is, the group comprising Local No. 36.

■ We think that, considering this contract in its entirety, and not ignoring the inherent relationship between a national and local union, it cannot be said that the use of the words "for and on behalf of Local No. 36" clearly and unambiguously establishes that U.P.W.A. was acting as an agent and not as a principal and are not subject to explanation. When the parent association negotiates a contract for a local, it is acting in behalf of some of its members and thus is fulfilling its own purposes. In signing a contract for a principal, an agent does

---

1. This contract provides that "in the event of a wage increase or decrease in rates agreed upon by the Big Four Packers and the UPWA–CIO, such increase or decrease will be applied to the existing rates as listed herein."

not directly benefit from the performance of that contract. See Russello v. Mori, supra; Foster Trailer Co. v. United States Fidelity & Guar. Co., 190 Tenn. 181, 228 S.W.2d 107. Evidence may disclose the national union had more interest in the contract than that of a mere agent and that the national had complete control, to the exclusion of the local, over negotiations of the terms of the contract. Evidence may also show that the term "for and on behalf of Local No. 36" was for the purpose of designating which group of U.P.W.A. members the contract provisions were to affect, and that no principal and agent relationship was intended to be designated.

Affirmed.