No. 12207

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

EDGAR BOUCHER,

Plaintiff and Respondent,

-vs-

JOE STEFFES, JR.,

Defendant and Appellant.

---

Appeal from: District Court of the Sixteenth Judicial District,
Honorable Alfred B. Coate, Judge presiding.

Counsel of Record:

For Appellant:

William McNamer argued, Billings, Montana.

For Respondent:

Gene Huntley argued, Baker, Montana.

---

Submitted: October 20, 1972

Decided: NOV 2 7 1972

Filed: NOV 2 7 1972

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the denial of a motion for change of venue from Fallon County to Yellowstone County.

Issue: Should the question of venue be reexamined whenever there is a change of parties defendant?

The facts giving rise to this action are not in dispute. On May 4, 1968, defendant Joe Steffes, Jr. was involved in an automobile accident in western North Dakota. With him was his father-in-law, plaintiff Edgar Boucher, and one John W. Trudo. The accident involved a head-on collision with a vehicle operated by Edward J. Byer. The Byer car had been purchased that day from the Erwin Heberle Ford Agency at Baker, Montana. Byer was killed in the collison and all three occupants of defendant's vehicle were injured. Following the accident defendant Steffes moved his home from Baker in Fallon County, to Yellowstone County.

Trudo filed suit against defendant Steffes and the administratrix of the estate of Byer in federal court on February 10, 1970. On the same day plaintiff Boucher filed against the same defendants in the state court in Fallon County.

Decedent Byer had no liability insurance or other resources which could be used to pay a judgment, if one were rendered against him. A question arose: Whether, in view of the fact Byer had purchased the car that day, the insurance policy of the Heberle Ford Agency might attach by virtue of the holding of this Court in Irion v. Glens Falls Ins. Co., 154 Mont. 156, 461 P.2d 199?

After litigation in the federal court determined the Heberle Ford Agency policy did not afford protection to Boucher or Trudo, the administratrix of Byer's estate petitioned the district court for discharge on the grounds there were no assets, no insurance, and therefore, no reason to continue with the administration of the estate. The court dismissed the estate

as a party defendant with prejudice.

Defendant Steffes then moved for a change in the place of trial to Yellowstone County on the grounds that he had a right to trial in the county of his residence; that the accident had occurred in the state of North Dakota; that he could not theretofore have moved for a change of place of trial because defendant administratrix was a proper party to the action and a resident of Fallon County; that the joinder of defendant administratrix was conditional ab initio and because of her voluntary dismissal the plaintiff had not met the legal requirements of pleading and proving a cause of action against her in order to maintain venue, or in the alternative did not bring the action against her in good faith in the legal sense required to establish and maintain venue in Fallon County. Further, that trial in Fallon County would be prejudicial to defendant Steffes because plaintiff is a resident of Fallon County and that the proper county for trial is Yellowstone County. The district court denied the motion and this appeal is taken from the ruling.

Defendant cites no Montana authority to support his position that where there are multiple defendants when the cause is instituted and where the resident defendants are dropped, the remaining defendant or defendants have a right to change the venue to their jurisdiction. He notes, quoting Rapp v. Graham, 145 Mont. 371, 401 P.2d 579, that the right of a defendant for trial in the county of his residence is an important right. We agree with the rules set forth there, but the fact situations of the two cases are not similar. Rapp was a contract case with just one defendant. Nor are we persuaded by the out of jurisdiction cases cited by defendant: Gunnoe v. West Virginia Poultry Co-op Ass'n, 115 W.Va. 87, 174 S.E. 691, 93 A.L.R. 944; Turner v. Superior Court, 3 Ariz.App. 414, 415 P.2d 129; Lester v. Rose, 147 W.Va. 575, 130 S.E.2d 80; Delaney v. Atterbury, 189 Okla. 361, 116 P.2d. 968.

Montana's venue statutes, Title 93, Ch. 29, R.C.M. 1947, were taken from the state of California and that jurisdiction has ruled on the very problem presented to us here. Before discussing the rule set forth by a series of California cases, we note that Kansas early adopted the California view. Hawkins v. Brown, 78 Kan. 284, 97 P. 479. The California view also appears to be followed by federal cases, where the question arises as to whether the plaintiff has joined a resident of the state in order to prevent removal. For a discussion of the federal view see Cyclopedia of Federal Procedure, Vol. 2, § 3.71.

A long line of California cases has followed an early established rule that a motion for a change of venue will be determined by the status of the parties and pleadings at the time the moving party appears in the action. Remington Sewing Machine Co. v. Cole, 62 Cal. 311(1882); Ferguson v. Koerber, 69 Cal.App. 47, 230 P. 476; Kraft v. Innis, 57 Cal.App. 637; 135 P.2d 29; California Collection Agency v. Fontana, 61 Cal.App.3d 648, 143 P.2d 507, 510; White v. Kaiser Frazer Corp. 100 Cal.App.2d 754, 224 P.2d 833;Freeman v. Dowling, 219 Cal. 213, 25 P.2d 980; Bancroft's Code Practice and Remedies, V. 2, § 1006, p. 1447.

We find the rule as stated in California Collection Agency most succinctly states the rule that we adopt herein:

> "In our opinion the rule, supported by reason and by authority, is that upon the hearing of the motion for change of venue under the circumstances presented here, the real issue for determination by the trial court was whether plaintiff, in joining the resident defendant as a party, had reasonable grounds for the belief in good faith that plaintiff had a cause of action against the resident defendant."

The decision of the trial court is affirmed.

John Conway Harrison
Associate Justice

- 4 -

We Concur:

_James T. Harrison_
Chief Justice

_Frank I. Haswell_

_Gene B. Daly_
Associate Justices

_Peter G. Meloy_
Hon. Peter G. Meloy, district
judge sitting for Associate
Justice Castles.