**GRUBB & ELLIS COMPANY, a Delaware corporation, Plaintiff,**

**v.**

**FIRST TEXAS SAVINGS ASSOCIATION, a Texas corporation, and Paragon Group, Inc., a Texas corporation, Defendants.**

**Civ. A. No. 86–B–2354.**

United States District Court, D. Colorado.

Dec. 15, 1989.

Kenneth L. Starr, Holmes & Starr, P.C., Denver, Colo., for plaintiff.

Bruce A. Featherstone and Mark E. Gebauer, Kirkland & Ellis, Denver, Colo., for First Texas Sav.

William Crichton, III and David L. Jackson, Elrod, Katz, Preeo & Look, P.C., Denver, Colo., for Paragon Group Inc.

Mary Hurley Stuart, Downey, Stuart & Knickrehm, Englewood, Colo., and Wanda L. McKee and Michael B. Lee, Fouts & Moore, Houston, Tex., for FDIC.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before me on defendant Paragon Group, Inc.'s (Paragon) Rule 56 motion for summary judgment. Jurisdiction exists pursuant to diversity of citizenship, 28 U.S.C. § 1332(a). I have reviewed the case file and the parties' briefs in support of and against granting summary judgment. Oral argument will not assist me in determining this matter. I conclude that Paragon's motion for summary judgment should be granted.

The material facts are undisputed.

Terrace Tower II, a southeast Denver office building, was owned by First Texas Savings & Loan (First Texas). First Texas retained Paragon as its agent in connection with the management and leasing of the building. On December 17, 1985, Grubb & Ellis Company (Grubb & Ellis) entered into a commission agreement with Paragon. The agreement provided that if Grubb & Ellis' client, Martin Marietta, leased space in Terrace Tower II, then Grubb & Ellis would receive a $5.00 per square foot commission. First Texas then leased space in Terrace Tower II to Martin Marietta through another brokerage firm, the Lindsay Group, to whom First Texas paid the entire real estate commission.

Grubb & Ellis filed this suit against First Texas and Paragon to recover the $5.00 per square foot commission to which it claims entitlement under the commission agreement. Grubb & Ellis argues that as a matter of fact and law Paragon is liable directly to Grubb & Ellis for the commission.

■ The general rule is that a party is not liable on a contract signed by him on behalf of a disclosed principal. *Fink v. Montgomery Elevator Company of Colorado*, 161 Colo. 342, 421 P.2d 735 (1966). Unless otherwise agreed, a person who makes a contract with another as agent for a disclosed principal does not become a party to the contract. *Restatement (Second) of Agency*, § 320 (1958); *United Packinghouse Workers v. Maurer–Neuer, Inc.*, 272 F.2d 647 (10th Cir.1959), *cert. denied*, 362 U.S. 904, 80 S.Ct. 611, 4 L.Ed.2d 555 (1960). The addition of the word "agent" to the description of the signer does not necessarily prevent the inference that that person is a party to the contract. *See Ricker v. B–W Acceptance Corp.*, 349 F.2d 892, 894 (10th Cir.1965). However, where, as here, the names of the principal and agent, the agent indicating his agency, are contained in the signature and are descriptive of the parties' relationship, the instrument is interpreted as the principal's, and not that of the agent. *Restatement (Second) of Agency*, § 156 (1958); *See also Cassidy, Inc. v. Hantz*, 717 F.2d 1233, 1235–36 (8th Cir.1983).

Here, the first sentence of the commission agreement states: "This letter shall serve as a commission agreement between Paragon Group *as agent* for First Texas Savings and Grubb & Ellis...." (Emphasis added). The commission agreement is signed:

FIRST TEXAS SAVINGS ASSOCIATION

By: _____
Robert W. Collins, Vice President
PARAGON GROUP, INC., Agent

Moreover, Grubb & Ellis has stipulated to Paragon's authority to enter into the commission agreement as First Texas' agent. Amended Pretrial Order, p. 11. There is no showing to the contrary.

■ Nevertheless, Grubb & Ellis argues that the following language in the commission agreement indicates that Paragon assumed personal liability on the contract:

Should the title of the building be transferred, then *Paragon agrees* to cause the transferee to agree to pay the fee or the fee will be paid by First Texas Savings.

In the event that a lease is consummated, *Paragon will pay* Grubb & Ellis ($5.00)

five dollars per rentable square foot.... (Emphasis added).

I disagree.

The *Restatement (Second) of Agency*, § 328 (1958) provides:

An agent, by making a contract only on behalf of a competent disclosed or partially disclosed principal whom he has power so to bind, does not thereby become liable for its performance.

Furthermore, an agent is not required, in the text of the contract, to constantly refer to itself as the agent for the principal. *Restatement (Second) of Agency*, § 157 (1958); *Beneficial Finance Co. v. Bach*, 665 P.2d 1034, 1036–37 (Colo.App.1983). Thus, although the commission agreement contains expressions of Paragon's intention to perform certain acts, this language is not sufficient to make Paragon a party to the contract or to impose liability on Paragon. Nor does such language indicate that the reference to Paragon is other than a reference to Paragon as agent for First Texas.

■ Despite Grubb & Ellis' argument to the contrary, I conclude that the commission agreement is clear and unambiguous as to Paragon's agency for its disclosed principal, First Texas. There is nothing in the contract to indicate that Paragon was intended to be directly obligated to Grubb & Ellis. Hence, extrinsic evidence is inadmissible to show that the parties intended for Paragon to be a party to the contract. *See Restatement (Second) of Agency*, § 323(1) (1958). Because there is no question of material fact that Paragon is not a party to the commission agreement, and therefore, is not liable for breach of the commission agreement, summary judgment is appropriate. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Accordingly, IT IS ORDERED that Paragon's motion for summary judgment is GRANTED. Judgment shall enter in favor of Paragon against Grubb & Ellis, each party to bear its own attorney fees and costs.